CIVIL CASE NO.:

24-3143-JWL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN TAMAR DAVIS,
*Plaintiff,*

v.

*Jesse Howes, Chief Warden; James Skidmore, DWO;
Dr. Fred Cannon, Regional Dental Dir., and; Jeanie Burk, RN, BSN, HSA
Defendant(s).*

PLAINTIFF'S COMPLAINT UNDER CIVIL RIGHTS ACT U.S.C. § 1983
RELIEF BY A PERSON IN STATE CUSTODY

APPEAL FROM KDOC INMATE EMERGENCY GRIEANCE;
APPEAL FROM AMERICAN WITH DISABILITIES ACT;
APPEAL FROM OFFICE OF HEALTHCARE COMPLIANCE

[Emergency motion for injunctive relief for 1983; Director of
Health Care Services and the Regional Medical Director]

Kevin T. Davis, #0083253
*Sui Juris* Plaintiff
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
PH: (785) 940-1398
daviskevin948@yahoo.com

**Oral Argument Request**

i

# TABLE OF CONTENTS

| | | |
|---|---|---|
| **PLAINTIFF'S COMPLAINT UNDER CIVIL RIGHTS ACT U.S.C. § 1983 RELIEF BY A PERSON IN STATE CUSTODY** | | 1-11 |
| | JURISDICTION & VENUE | 1 |
| II. | PLAINTIFF | 1 |
| III. | DEFENDANTS | 1, 2 |
| III. | FACTS<br>[O]pine in *brutum fulmen* Black's Law New pocket Ed. Page. 75 (1996) | 2-5<br>3 |
| IV. | EXHAUSTION OF LEGAL REMEDIES | 6, 7 |
| V. | LEGAL CLAIMS | 7 |
| VI. | FIRST CAUSE OF ACTION | 7 |
| VII. | SECOND CAUSE OF ACTION | 7 |
| VIII. | THIRD CAUSE OF ACTION | 7 |
| IX. | EQUITY | 8 |
| X. | PRAYER FOR RELIEF | 8 |
| VERIFICATION | | 9 |
| CONCLUSION | | 10 |
| CERTIFICATE OF SERVICE | | 11 |

ii

## Constitutional Provision, Federal Statue and Statute, &c.

| | |
|---|---|
| 42 U.S.C. Section 1983 | 1 |
| 28 U.S.C. Section 1331; 1343 (a) (3) | 1 |
| 28 U.S.C. Section 2201; 2202 | 1 |
| U.S.C. Section 2283; 2284; Rule 65 of the Federal Rules of Civil procedure | 1 |
| 28 U.S.C. Section 1391 (b) (2) | 1 |
| IMPP 16-102D II L | 3 |
| Order 92-154 | 5, 7 |
| KAR 44-12-211 (Class I offense) | 5 |
| KAR 44-15-106 | 6 |
| KAR 44-15-101 | 6 |
| K.S.A. 60-255a | 6 |
| KAR 44-15-102 (F) (G) | 6 |
| KAR 44-15-102 procedure (G) (C) (1) (2) (3) | 6 |
| Title II executive Order 92-154 | 6, 7 |
| Anti-Trust Law of 1897 | 7 |
| Fed. Rule. Civ. Pro. 38(b) | 8 |

| | |
|---|---|
| EIGHT AMENDMENT OF THE UNITED STATE CONSTITUTION | 7, 8 |
| FOURTH AMENDMENT OF THE UNITED STATE CONSTITUTION | 7 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN TAMAR DAVIS,
        Plaintiff,

                                      COMPLAINT
v.                            Civil Action No.:   24-3143-JWL

Jesse Howes, Chief Warden; James Skidmore, DWO;
Dr. Fred Cannon, Regional Dental Dir.,
and; Jeanie Burk, RN, BSN, HSA
individually and in their official capacities,
        Defendant(s).

## PLAINTIFF'S COMPLAINT UNDER CIVIL RIGHTS ACT U.S.C. § 1983
## RELIEF BY A PERSON IN STATE CUSTODY

### I.   JURISDICTION & VENUE

1.   This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3). Plaintiff Davis seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Davis claim for injunctive relief are authorized by U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil procedure.

2.   The District Court of Kansas is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to these claims occurred.

### II.   PLAINTIFF

3.   Plaintiff Kevin Tamar Davis, is and was at all times mentioned herein a prisoner to the State of Kansas in custody of the Kansas Department of Correction. He is currently confined in Lansing Correctional facility, in Lansing, Ks.

### III.   DEFENDANTS

4.   Defendant Jesse Howes is the Chief Warden, &c., of (LCF) Lansing Correctional Facility. He is legally responsible for Administration of the Correctional Facility and for the welfare of all the inmates of that prison.

5.   Defendant James Skidmore is the Deputy Warden of Operations of (LCF) Lansing Correctional Facility. He is legally responsible for Operations of the Correctional Facility and for the welfare of all the inmates of that prison.

6.   Defendant Dr. Fred cannon is the Regional Dental Director of KDOC who, at all times mentioned in this complaint, held the rank of being contracted through Centurion Health Services for dental referral approval, &c., and was assigned to (LCF) Lansing Correctional Facility, and each institution under its' jurisdiction.

7.   Defendant Jeanie Burk is the health Services Administrative of the KDOC who, at all times mentioned in this complaint, held the rank of being contracted through Centurion Health Services for Management of illness and the preservation of well-being, and allied health professions, &c., and was assigned to (LCF) Lansing Correctional Facility.

8.   Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### III.   FACTS

9.   At all times relevant to this case plaintiff Davis is serving (x2) life sentences stemming from (x2) off-gird offenses. **(See Ext. 1 attached hereto)**.

10.   Plaintiff Davis went to a scheduled dental appointment for teeth cleaning, &c. dated October 26, 2023.

11.   Defendant Dr. Cannon whom was supposed to have attended the scheduled appointment opt out.

12.   The schedule dental appointment included a follow up on a bifurcated dental issue that continued to cause Davis major chronic pain, &c., due to an enlarged cyst that had begun to grow in Davis's superior maxillary, maxilla, or upper skull face bone.

13.   Dr. Cannon had foreknowledge that the bone tissue was continuing to decay in Davis's superior maxillary, maxilla, or upper skull face bone thereby leaving an enlarged hole in Davis's superior maxillary, maxilla, or upper skull face bone that required a 'root end' surgery (apicoectomy). **(See Ext. 2 attached hereto)**.

14.   Based upon information and belief, prior oral examiners inter alios, dictated if the bone tissue decay unto Davis's sinus it would cause death instantly.

15.   June 16, 2023, prior to plaintiff Davis being sent out to a Dental Specialist Oral Surgeon by the name of Dr. Arron Sterling card at 3550 S. 4th St., Ste. 240, Leavenworth, Ks 66048, Ph. 913.772.4334, whom examine Davis bifurcated dental condition, and referred Davis to a Specialist Oral Surgeon (endodontic) that was more specialized with Davis's bifurcated dental condition.

16.   Based upon information and belief Dr. Card findings outweighed Dr. Cannon's protocol; rather it fitted the needs of Davis as patient.

17. Dr. Card did a consultation that included Consent Conference; Radiographic Examination; and, X-rays of Davis's superior maxillary, maxilla, or upper skull face bone, &c. **(See Ext. 3-8 attached hereto)**.

18. Based upon information and belief the Dental Aid (Mrs. Racheal), whom was present at the scheduled appointment back on, 10/26/23, averred to Davis that Dr. Cannon "denied Dr. Card's inter alios, referral back on, 7/28/23," due to there was not a dental specialist contracted with (KDOC) Kansas Department of Correction to perform the bifurcated surgery that continued to cause Davis chronic pain, &c., and in his opinion Davis should have tooth #, 9 & #, 10 extracted with replacement via partial dentures. *LOL!!!*

19. Davis appealed to the Aid (Mrs. Racheal), that her statements was well intended or diplomatic untruth ones, and gave her the IMPP 16-102D II L. that held the responsibly of Dr. Cannon as to referrals, [1] **(See Ext. 9 attached hereto)**; wherewith an outside Dental Specialist Davis saw in, 2008, located in Wichita, Ks that was contracted with (KDOC) and whom could perform Davis's bifurcated surgery. **(See Ext. 10 attached hereto)**.

20. Davis went further in his appeal toward the Aid (Mrs. Racheal) that there was not anything wrong with #, 9 & #, 10 tooth and Davis would be a *"FOOL"* to go alone with Dr. cannon's opinion that was opine in *brutum fulmen Black's Law New pocket Ed. Page. 75 (1996)*, i.e., extraction good teeth position in the front of Davis's mouth. **(See Ext. 11 attached hereto)**. [2]

21. On, 11/14/23, Davis made a form 9 request to obtain some information on Dr. Cannon. **(See Ext. 12 attached hereto)**; the request was forward to Mrs. Jeanie Burk, RN, BSN, HSA, whom sent Davis a letter dated the same as above expressing numerous dental encounters inter alia, **(See Ext. 13 attached hereto)**.

22. Davis continued to make dental sick calls. **(See Ext. 14-15 attached hereto)**.

23. Since the beginning of, 2023, the dentist has only prescribed Davis medication for his chronic pain, &c., the last medication prescription was 'CEPHALEXIN 500 MG CAP & ACETAMINOPHEN 325 MG TAB that has no effect toward Davis's serious chronic pain, &c. **(See Ext. 16 attached hereto)**.

24. In, 2001, Davis's left hand became paralysis due to a motor vehicle incident/ traumatic injury.

25. In, 2015, Davis entered KDOC (LCFC) in which he arrived wearing a 'splint' on his left hand, and Corizion health Services at the time was very familiar with Davis's paralysis, &c.

26. In, 20215, Davis inter alios, was given the privilege to make use of the state issuing canteen bag for education, law library, &c.

27. Due to Davis acting in *Sui Juris* in any and all litigation with any all branches of government; Davis often carried legal material, &c., that some time weight over the maximum weight he is not supposed to carry.

---

[1] Dr. Cannon denied Davis's referral back on, 7/28/23, and Davis was not made aware until, 10/26/23. *WOW...*

[2] Picture(s) was taken through and by BIBR (Christian Base Program); picture(s) will show Davis has excellent teeth, &c., this way the defendants and its' agents will be prohibited from leading the court through its response, i.e., too say that Davis's teeth is in bad condition ☻

28.    Many time the state issuing canteen bag straps snap, so due to a happenstance through and by a FUND RAISING program on behalf of KDOC (LCF) Davis inter alios, was given the privileged to purchase items from an outside vender; Davis purchased a Black cardboard legal 'Satchel' at $50.00 to enable his disability.

29.    Davis carried this Satchel for (2) two years & a half before his transfer to Hutchinson Correctional Facility on or about January 16, 2018.

30.    Based upon information and belief a, 2020, HCFC prison policy dictated that unless Davis inter alios had a medical reason, Davis inter alios, was restricted from carrying one's state issuing canteen bag.

31.    Davis placed a medical sick call in, and saw a prison physician, &c., during Davis's assessment the physician noted several of Davis's disabilities on the clinic POLLEX. **(See Ext. 17-18 attached hereto)**; thereinafter Davis was cleared to continue to make use of the state issuing canteen bag, &c.

32.    In, 2021, Davis was transferred back to LCFC and Davis inter alios, was permitted without any molestation to make use of the state issuing canteen bag, &c., i.e., "Satchel".

33.    On, 12/6/2023, DWO James Skidmore in cahoots with Chief Warden Jesse Howes restricted Davis inter alios, from carrying one's state issuing canteen bag, &c., i.e., "Satchel" without any immediate threat to security of the institution. **(See Ext. 19 attached hereto)**.

34.    Davis showed both Warden's that he had medical clearance to make use of his state issuing canteen bag, &c., i.e., "Satchel" (the Satchel was even purchased at $50.00).

35.    In January, 2024, Davis confronted both Warden's insofar as allowing him inter alios, to purchase items from a FUND RAISING program; then turn around and seize, &c., was of profiteering, and beside the point it's now allowing Davis inter alios, to purchase more items **(See. Ext. 20-21 attached hereto)**; yet restricted Davis of his purchased $50.00 satchel that he used for educational purpose that accommodated his paralysis disability.

36.    In all time relevant to such restriction of state issuing Equipment & Appliance in the effort to enable Davis disabilities; Davis was even being restricted of physician approval medical Equipment & Appliance, e.g., 'SPLINT' and medical 'SHOES'.

37.    August 20, 2015, Davis arrived at LCF wearing a premier wrist brace (splint) on his left hand.

38.    On January 16, 2018, Davis was transferred to HCFC, during a shakedown the 'SORT' confiscated Davis's premier wrist brace (splint), thereby removing the metal support plate therein.

39. Davis understood the metal support plate could have clearly poses an immediate threat to the security of the institution, so without any argument Davis complied with the 'SORT' teams order, and; thereinafter placed a sick call in and Davis was provided with a new premier wrist brace (splint) without the metal plate dated, 3/6/2018, **(See Ext. 22 attached hereto)** thereinafter Davis was provided a second premier wrist brace (splint) without the metal plate dated, 2/12/2019, **(See Ext. 23 attached hereto)**.

40.    Davis had been appling for medical shoes since, 2015, due to prior injuries to both of his feet, i.e., a nail injury through the right foot, and a stick protruded through the left foot wherewith the

state issuing 'CHEAP' boots caused him pain, &c., Davis did not receive medical approval for shoes until, 2/16/2022, by Dr. Joe. **(See Ext. 24 attached hereto).**

41.     Based upon information and belief Davis supposed to receive a new pair of medical shoes once a year, and a new premier wrist brace (splint) if need be....

42.     After a year Davis requested a new pair of medical shoes and premier wrist brace (splint), but was ignored by LCF clinic et al.

43.     On, 11/6/2023, Davis was seen by Dr. Mariah Kalma whom has since resigned, Dr. Kalma reexamine Davis feet condition and paralysis hand and from her findings Dr. Kalma noted that Davis should continue to be approved for both medical Equipment & Appliance **(See Ext. 25 attached hereto)**.

44.     On, 12/20/2023, during a sick call with ARNP Bera whom placed a re-order of Clotrimazole - Betamet foot cream for Davis's athlete's foot that caused parasitic fung as a result of wearing the state issuing 'CHEAP' boots. **(See Ext. 26 attached hereto)**.

45.     During the same sick call ARNP Bera averred to Davis that Jeanie Burk, HSA "denied Dr. Mariah Kalma's professional medical request for issuing Davis's 'SPLINT' & 'SHOES' dated, 11/8/2023," <WHAT>.

46.     Davis spoke with Jeanie Burk, HSA due to a happenstance, and; Mr. Burk advised Davis that he could no longer receive medical shoes because Davis did not have diabetes. *OMG....*

47.     On, 12/29/23, Davis made a complaint to the STATE ADA COORINATOR in accordance with executive Order 92-154.

48.     Thereinafter Davis was concern as to, if the ADA had received his grievance et seq., because the ADA coordinator had prior history of being bias.

49.     *Lowly and Behold,* Davis was correct, on, 1/22/2024, Davis contacted Mr. Anthony Fadale through and by three way phone communication because Davis was being discriminated against, &c., and Davis had not heard or received any response from Mr. Fadale; Mr. Fadale (hire gun) for the KDOC ADA agency went outside client privilege and contacted EAI Special Agent supervisor James Gift at LCF and made it like Davis had poses an immediate threat to him and or the security of the institution.

50.     Thereinafter Davis received a disciplinary report in violation pursuant to KAR 44-12-211 Class I offense. **(See Ext. 27 attached hereto)**.

51.     Davis was placed on 30 days restriction; 180 day suspended due to ADA-client privileged had been broke without the showing of relation to a legitimate purpose. **(See Ext. 28 attached hereto)**.

## IV.  EXHAUSTION OF LEGAL REMEDIES

52. Plaintiff Davis used the prisoner grievance procedure, &c., available at Lansing Correctional Facility to try and solve the problem(s); insofar as the aforementioned dental matter is a concern. On, 11/1/2023, plaintiff Davis presented emergency facts et seq., pursuant to KAR 44-15-106 relating to this complaint at **ER – EMERGENCY GRIEVANCE.**

53. On, 11/6/2023, plaintiff Davis was sent a response from UTM Mr. Kimberly Oblinger that Davis had to follow KAR 44-15-101, i.e., Informal Resolution at **ER – EMERGENCY GRIEVANCE.**

54. On, 11/6/2023, plaintiff Davis sent an unambiguous letter et seq., back to Chief Warden Howes that explain KAR 44-15-106 permits Davis to bypass the prerequisite of the Informal Resolution at **ER – LETTER In re….**

55. On, 11/10/2023, plaintiff Davis sent Warden Howes a Notice of Default pursuant to K.S.A. 60-255a for refusing to respond within 10 working days at **ER – NOTICE OF DEFAULT.**

56. On, 11/22/2023, plaintiff Davis forward a MEMO/letter to Darcie Holthaus, CM, RM of Warden Howes being in violation under KAR 44-15-102 (F)(G), &c., at **ER – MEMO….**

57. On, 11/22/2023, plaintiff Davis moved for Default insomuch as Warden Howe's refusal to answer at **ER – DEFAULT w/ AFFADVIT.**

57. On, 12/15/2023, plaintiff Davis addendum a Default Notice, this time toward Mrs. Darcie Holthaus, CM, RM in violation of K.S.A. 60-255a at **ER – NOTICE OF DEFAULT.**

58. On, 12/29/2023, plaintiff Davis moved for Default insomuch as Darcie Holthaus, CM, RM refusal to answer within 20 days under KAR 44-15-102 procedure (G)(c)(1) (2) (3) at **ER – DEFAULT w/ AFFADVIT.**

59. Insofar as relation to plaintiff Davis's restriction of his Satchel/ Equipment & Appliance the ADA grievance procedure is used in lieu of any other complaint or state agency administrative process provided by a state agency other than the Kansas Human Right Commission. On, 12/29/2023, plaintiff Davis presented Title II et seq., facts relating to this complaint with the American With Disabilities Act (ADA) grievance procedure to try and solve the problem(s) at bar on 1983' at **ER – STATE OF KANSAS (ADA) Grievance.**

60. On, 1/4/2024, plaintiff Davis gave UTM Mrs. Oblinger his ADA grievance et seq., at **ER – FORM 9.**

61. On, 2/5/2024, plaintiff Davis received a letter from Warden Howes stated Davis's ADA grievance et seq., had been forward to the appropriate at **ER – WARDEN'S LETTER TO DAVIS.**

62. On, 3/14/2024, plaintiff Davis received a response from Mrs. Marcelle Chmidling, Manager EEO/ ADA averring that "if Davis disagree with medical finding decision Davis could request a reconsideration and file a medical grievance with BSA Joshua Murtaugh, Office of Health Compliance KDOC medical grievance Coordinator at **ER – Request, # 428058971.**

63.     Plaintiff Davis filed a request for reconsideration dated, 3/15/2024, of the ADA decision dated, 3/14/2024, giving the agency (30) thirty days to respond or face default [3] at **ER – In re: Request for Reconsideration from ADA**.

64.     Likewise plaintiff Davis filed a Medical grievance dated, 3/15/2024, with BSA Joshua Murtaugh giving the agency (30) thirty days to respond or face default at **ER – In re: Medical Grievance**.

65.     On or about the 15 day of April, 2024, both Mr. Murtaugh, BSA & Mr. Fadale, ADA coordinator failed to respond within (30) thirty days thereby voluntary placing themselves and their agents in default.

## V.    LEGAL CLAIMS

66.     The facts related above disclose a concerted and systematic effort by defendants and their agents to deprive plaintiff Davis of constitutionally secured Rights, including, but not limited to, those enumerated in the succeeding paragraphs 1-65.

## VI.   FIRST CAUSE OF ACTION

67.     Defendants Howes Chief Warden and Cannon Doctor and their agents, deliberate indifference to plaintiff's existing serious medical needs or to conditions posing substantial risk of serious harm **(apico)** violated plaintiff's rights, and constituted cruel and unusual punishment under the Eight Amendment of the United States Constitution and Emotional distress.

## VII.  SECOND CAUSE OF ACTION

68.     Defendant Burk, Human Service Administrative and their agents, deliberate indifference to plaintiff's existing serious medical needs or to conditions posing substantial risk of serious harm **(Equipment & Appliance)** violated plaintiff's rights, under Title II executive Order 92-154., and constituted cruel and unusual punishment under the Eight Amendment of the United States Constitution and Emotional distress.

## VIII. THIRD CAUSE OF ACTION

69.     Defendants Howes Chief Warden and Skidmore DWO and their agents by petit larceny permitting plaintiff Davis to purchase, &., yet thereinafter seizure the privileged rights rightful possessor of plaintiff's $50.00 **(legal cardboard satchel)** that plaintiff Davis purchased through the agents inner facility FUND RAISING constituting profiteering under the Anti Trust Law of 1897, and violated plaintiff's rights under the Fourth Amendment to the United States Constitution in that their action arbitrary and capricious and not based upon any compelling government interest or any rational relationship to the purpose and exigencies of imprisonment.

---

[3] As an initial matter, it is clear that Davis's satchel was/is an alternative purchase to enable his serious medical need, i.e., paralysis hand.

## IX. EQUITY

70. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the court grants the declaratory and injunctive relief which plaintiff seeks.

## X. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully request that this court enter a judgment granting him:

1. A declaratory judgment that the defendants' acts, policies and practices herein described and complained of violated plaintiff's rights under the United States Constitution.

2. A preliminary and permanent injunction which:

   a) Prohibits the defendants, their successors in office, agents and employees and all other persons in active concert and participation with them from denying plaintiff privilege and or right to carry his purchased legal satchel wherewith the same upon plaintiff's medical issued Equipment & Appliance, i.e., SHOES & SPLINT, and last but not less approve plaintiff's apico surgery with the at the provided Wichita location or Dr. Card referred location in Leavenworth, and.

   b) Prohibits defendants, their successors in office agents and employees and all other persons in active concert and participation with them from transferring plaintiff to any other institution, (intrastate nor interstate) without plaintiff's express consent, during the pendency of this law suit, or otherwise retaliating against plaintiff in any way.

   c) Request defendants Howes, Skidmore, Dr. Cannon and Burk to submit within 90 days of this court's order and declaration of the unconstitutionality of defendants acts and omissions described herein has comply with this court's declaration and order and the Eighth Amendment to the United States Constitution.

3. Grant plaintiff Davis compensatory damages in the amount of $1,500.00 against each defendant, jointly and severally.

4. Grant plaintiff Davis punitive damages in the amount of $3,500.00 against each defendant, jointly and severally.

5. Grant plaintiff Davis nominal damages in the amount of $2,500.00 against each defendant, jointly and severally.

6. Grant plaintiff Davis hedonic damages in the amount of $1000.00 against each defendant, jointly and severally.

7. Plaintiff also seek recovery jury trial on all issues triable by jury, Fed. Rule. Civ. Pro. 38(b).

8. Plaintiff also seek recovery of his cost in their suit, and

9. Any additional relief this court deems just, proper, and equitable.

DATEED: 8/19/24

Respectfully submitted,

Kevin T. Davis, #0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

## VERIFICATION

KEVIN TAMAR DAVIS, #0083253, being first duly sworn according to law, deposes and says that he resides at Lansing Correctional Facility; that he is the plaintiff in the foregoing complaint; and that he has read the foregoing complaint and knows the contents thereof and that the same are true correct of his own knowledge except as to the matter therein stated to be alleged on information and belief, and as to those matters he believes to be true.

Kevin T. Davis, #0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

Subscribed and sworn to before me

this 29th day of May, 2024.

NOTARY PUBLIC

Bruce Cobb
NOTARY PUBLIC–STATE OF KANSAS
MY APPT EXP: 7-21-25

PLAINTIFF'S COMPLAINT CIVIL RIGHTS ACT 42 U.S.C. § 1983.pg. 9

## CONCLUSION

In, conclusion plaintiff Davis would assert that he has no other adequate means to obtain the desired relief existed regarding the seriousness thereof his medical need and that all claims of issuance is clear and indisputable. This U.S. District Court should consider granting any and all relief; especially toward plaintiff's FIRST CAUSE OF ACTION.

DATED this __19__ day of __Aug__, 2024.

Respectfully submitted.

Kevin T. Davis, #0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that service of the above and foregoing Complaint Civil Rights Act 42 U.S.C. § 1983 by Sui Juris Plaintiff Kevin T. Davis, # 0083253 was E-filed on this ___19___ day of ___Aug___, 2024, to:

Clerk, U.S. District Court for the District of Kansas
444 S.E. Quincy, Rm 490
Topeka, Ks 66683
PH: 785.338.5400
E-mail: ksd_clerks_topeka@ksd.uscourts.gov

Copies was also served of the above and foregoing Complaint Civil Rights Act 42 U.S.C. § 1983 by Sui Juris Plaintiff Kevin T. Davis, # 0083253 was mailed U.S. Postal pre-paid on this __19__ day of ___Aug___, 2024, to:

Chad Walker | LCF
KDOC
714 SW Jackson, Ste. 300
Topeka, Ks 66603
Cell: 785.559.0944
PH: 785.296.3317
Email: chad.walker@ks.gov

Deana Johnson
General Counsel | Centurion LLC
21251 Ridge Top Cir., Ste 150
Sterling, VA 20166-6645
PH: 703.749.4600
Email: SWheeler@TeamCenturion.com

CC: Jesse Howes, Chief Warden; James Skidmore, DWO; Dr. Fred Cannon, Regional Dental Dir., and; Jeanie Burk, RN, BSN, HSA

Kevin T. Davis, #0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043