iii

## EXHIBITS

| Exhibit | Description | Page Count |
|---|---|---|
| **Plaintiff's Ext. 1** | Offender Program Plan (KDOC) (Summary of Risk & Need / Recommendations) Davis, Kevin, #0083253 Parole Eligible (Only a Right to be heard): 3/15/2064 Offense: 21-5506 (x2) Controlling Sentence: Life (Hard 50) | 1 |
| **Plaintiff's Ext. 2** | Google Davis, Kevin, #0083253 Dental Procedure: Apicoectomy | 1 |
| **Plaintiff's Ext. 3-8** | i Consultation N ii Radiographic Exam iii Included Consent Conference iv Sidexis 4 (Front) v Sidexis 4 (# 9) iv Sidexis 4 (# 10) Davis, Kevin, #0083253 Date: 6/16/2023 From: Dr. A.S. Card | 6 |
| **Plaintiff's Ext. 9** | IMPP HealthCare Services: Oral… #, 16-102D KDOC | 1 of 4 |
| **Plaintiff's Ext. 10** | Jared E. Dye Oral Surgeon 1919 N. Maize Rd., Ste. 200 Wichita, Ks 67212 316.721.4890 Patient: Davis, Kevin, #0083253 | 1 |
| **Plaintiff's Ext. 11** | Emailed Picture(s) of Davis mouth, &c. Taken by BIBR @ LCFC Inmate: Davis, Kevin, #0083253 | 8 [1] |

---

[1] Plaintiff's **Ext. 11**, may be sent U.S. postal on 'USB' or via emailed to all parties.

iv

**Plaintiff's Ext. 12**

Inmate Request form 9
To: Exc. Off. To Chief Warden (Mrs. Williams)
From: Davis, Kevin, #0083253
Cell house: B2-208
Date: 11/14/2023

1

**Plaintiff's Ext. 13**

LCFC
Medical Dep't / Centurion
From: Jeanie Burk, RN, BSN, HSA
RE: Davis, Kevin, #0083253
Date: 11/14/2023

1

**Plaintiff's Ext. 14**

Health Services Request Form (Centurion)
LCFC
Davis, Kevin, #0083253
Date: 11/19/2023 @ 7:55a

1

**Plaintiff's Ext. 15**

Health Services Request Form (Centurion)
LCFC
Davis, Kevin, #0083253
Date: 1/23/2024 @ 2:36a

1

**Plaintiff's Ext. 16**

Prescribed Medication (Centurion)
LCFC (Clinic)
CEPHALEXIN 500 MG CAP (Keflex)
ACETAMINOPHEN 325 MG TAB (Tylenol)
Davis, Kevin, #0083253

1

**Plaintiff's Ext. 17-18**

KDOC
Location: Hutchinson Correctional Facility
Medical Classification (POLLEX)
Provider: Carmen G. Baynham, APRN
Davis, Kevin, #0083253
Date: 2/24/2020 @ 11:34a

2

**Plaintiff's Ext. 19**

LCFC
From: James Skidmore, DWO
To: KDOC_LCF_Everyone
Subject: Allowable Property in Education
Date: June 7, 2023

1

**Plaintiff's Ext. 20**

LCFC
FUNDRAISING
All resident population
Item: Gaming Console
Cost: $40.00

1

v

**Plaintiff's Ext. 21**

KDOC (LCFC)
(BIBR) Brother-In-Blue (Christian based program)
FUNDRAISING
Special Items Order form

1

**Plaintiff's Ext. 22**

CORIZON
Location: Hutchinson Correctional Facility
Receipt of Medical Equipment / Appliance Form
Describe: Premier Wrist Brace
Davis, Kevin, #0083253
Date: 3/06/2018

1

**Plaintiff's Ext. 23**

CORIZON
Location: Hutchinson Correctional Facility
Receipt of Medical Equipment / Appliance Form
Describe: Premier Wrist Brace (Second)
Davis, Kevin, #0083253
Date: 2/12/2019

1

**Plaintiff's Ext. 24**

Centurion
Location: Lansing Correctional Facility
Receipt of Medical Equipment / Appliance Form
Ordered by: Dr. Joe
Describe: Medical Shoes Size 9.5
Davis, Kevin, #0083253
Date: 2/16/2022

1

**Plaintiff's Ext. 25**

Inmate Request Form
Disposition: Dr. M. Kalma
Location: LCFC Clinic
Davis, Kevin, #0083253
Date: 11/6/2023

1

**Plaintiff's Ext. 26**

Centurion | LCFC
Medication: CLOTRIMAZOLE – BETAMET CR;
          (Feet Cream)
Davis, Kevin, #0083253
Ordered by: Mrs. Bera, ARNP
Date: 12/20/2023

1

**Plaintiff's Ext. 27**         Disciplinary Report                                    1
                                Location: LCFC
                                Case No.: 2767
                                Violation: 44-12-211 (Class 1 Offense)
                                Davis, Kevin, #0083253
                                Date: 1/22/2024

**Plaintiff's Ext. 28**         LCFC                                                   1
                                Sanctions
                                Case No.: 2767
                                Davis, Kevin, #0083253
                                Approved by: Warden Ball, DWA
                                Date: 1/24/2024

Page 1 of 2, Attachment A, IMPP 11-107
Effective: 08-16-14

Ext. 1

### OFFENDER PROGRAM PLAN
### (SUMMARY OF RISK AND NEED/RECOMMENDATIONS)

Offender Name: _DAVIS, KEVIN_  Number: _83253_  Unit: _D-2/207_

Parole Eligible Date: _3-15-2064_  (If offense controlling release occurred before 07-01-88)

Guidelines Release Date: _____  (If offense controlling release occurred on or after 07-01-93)

Offense: _Ag INDECENT LIB (X2)_  Controlling Sentence: _LIFE (H-50)_

Custody Classification: _HIGH-MEDIUM_

**Academic Education**

___ Offender Does Not Have a High School Diploma or GED
___ Offender was assessed for Special Education
Note: Whether the offender should enroll in GED readiness or other education or vocational training programs should be determined by the assigned Unit Team Counselor, as part of an overall education and employment plan.

**Drug/Alcohol Abuse/Misuse**

___ Address substance abuse/misuse risk/need as directed by the assigned Unit Team Counselor.
(Check this box if offender is Medium/Moderate or Higher on Drug/Alcohol Domain of the LSIR.)

**Sex Offender Treatment**

✓ Complete sex offender treatment program.
___ Needs cannot be met in a facility at this time as the offender has only six (6) months or less to serve.
___ Offender does not require treatment in the facility as s/he is low risk enough to receive treatment in the community only.

**Employment/Career & Technical Training**

✓ Address employment/education risk/need as directed by the assigned Unit Team Counselor.
(Check this box if offender is Medium/Moderate or Higher on the Employment/Education domain of the LSIR.)

**Anti-Social**

✓ Address anti-social Attitudes & Orientation (Companions, Leisure Time) risk/need areas as directed by the assigned Unit Team Counselor.
(Check this box if offender is Medium/Moderate or Higher on either Criminal History or Attitudes & Orientation domains of LSIR.)

**Family**

___ Address Family risk/need as directed by the assigned Unit Team Counselor.
(Check this box if offender is Medium/Moderate or Higher on the Family/Marital domain of the LSIR.)

**Financial**

___ Address financial risk/need as directed by the assigned Unit Team Counselor.
(Check this box if the offender is Medium/Moderate or Higher on Financial domain of the LSIR.)

**Mental Health**

___ Address mental health needs as recommended by mental health provider and/or as directed by the assigned Unit Team Counselor
(Check this box if RDU evaluation reflects need for any level of mental health care.)

SG
MH-2
3L-7
MØ
27/1
FLE
P-N

**COMMENTS/RECOMMENDATIONS:**

_Complete SOTP. Others as directed by UT._

**Managed as a Sex Offender per IMPP 11-115:**

_X_ Yes

_X_ Current Case

___ Old Case, Case Number:_____, State of:_____

___ No

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | | Color | D1 | 02,0D1210 |

Ext. 2

12:02

# Google



🔍 apicoectomy

All    Videos    Images    Books    News    Sho

An apicoectomy is a straightforward, minor surgical procedure that's done on children and adults as a way to save at-risk teeth and prevent potentially serious complications. An apicoectomy is also known as **root end surgery**. This is because it involves the removal of a tooth's root tip and surrounding tissue.

Oct 7, 2020



https://www.healthline.com › health

✳ Discover    Snapshot    🔍 Search    📑 Collections    ••• More

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | 04/19/24 08:26 CDT | Color | 1920 B Pod 2 | 01,0B2208 |

From: O'DHALSIM SCRUGGS on 02/26/24 14:16 CST          Ext. 3



| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | 04/19/24 08:25 CDT | Color | 1920 B Pod 2 | 01,0B2208 |

Ext. 4

From: O'DHALSIM SCRUGGS on 02/26/24 14:16 CST

RADIOGRAPHIC EXAMINATION:
PANORAMIC: ☐  CBCT: ☐  PA: ☐  IMAGE:
☐ SINUSES CLEAR
☐ NORMAL CORTICATION AND MORPHOLOGY OF MANDIBULAR CONDYLES BILAT
☐ NO BONE LESIONS NOTED
☐ NO LESIONS NOTED OF THE TOOTH CROWNS AND ROOTS
☐ ANOMALIES / IMPACTED # 1, 16, 17, 32
☐ CARIES #

☐ PARL # 9, 10 (Apicoectomy), goes to Palate

SURGICAL ASSESSMENT:
☐ GROSS CARIES #
☐ FRACTURED #
☐ ENDODONTIC FAILURE
☐ ANOMALIES / IMPACTED IN TEETH POSITION(S) #
☐ Symptomatic due to departure from normal function
   and abnormal position relative to adjacent tooth
☐ Edentulous site

PLAN:
☐ EXTRACTION
☐ ALVEOLOPLASTY
☐ IMPLANT
☐ BIOPSY
☐ PRE

☐ SITUATIONAL ANXIETY:
☐ IVCS PRE-OP WRITTEN AND VERBAL INSTRUCTIONS WERE GIVEN AND EXPLAINED. INCLUDING THE NEED FOR AN ESCORT (OVER 18
   YEARS OF AGE, ABLE TO DRIVE AND BE WITH THE PATIENT FOR 24 HOURS AFTER SURGERY) AND FASTING INSTRUCTIONS FOR IV
   SEDATION. (PT DECLINED)

MEDICAL ASSESSMENT & PLAN:

INFORMED CONSENT & INSTRUCTIONS:
☐ PROCEDURES EXPLAINED TO THE PATIENT TO INCLUDE INDICATIONS, ALTERNATIVE TREATMENT(S), EXPECTED OUTCOMES,
   POTENTIAL RISKS AND COMPLICATIONS, AND THE OPPORTUNITY FOR QUESTIONS TO BE ANSWERED AND TO SEEK A SECOND OPINION
   (IF DESIRED). CONSENT FORMS WERE REVIEWED AND SIGNED BY THE PATIENT AND/OR GUARDIAN.
☐ PRE-OP AND POST-OP WRITTEN AND VERBAL INSTRUCTIONS WERE GIVEN AND EXPLAINED. POST-OP NUTRITION, ORAL HYGIENE,
   AND WOUND CARE INSTRUCTIONS WERE ALSO EXPLAINED.
☐ PATIENT &/OR PARENT/GUARDIAN VIEWED INFORMED CONSENT VIDEO

PRESCRIPTIONS GIVEN:
☐ NORCO/ PERC # _____ 1 PO Q6H PRN          ☐ AMOX 500MG # 21 TID
☐ MOTRIN # 30 1 PO Q6H PRN pain             ☐ CLINDAMYCIN 150mg # 36 11 TID
☐ PERIDEX 15cc GENTLE RINSE TID             ☐ MEDROL DOSEPACK
☐ ZOFRAM 4MG PO Q6H

STAFF NAME: Hallie

SURGEON SIGNATURE:
DR. CARD
TODAY'S DATE:

PATIENT NAME: Kevin Davis
DOB: 1.24.75

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | 04/19/24 08:25 CDT | Color | 1920 B Pod 2 | 01,0B2208 |

Ext. 5

From: O'DHALSIM SCRUGGS on 02/26/24 14:15 CST

INCLUDED IN CONSENT CONFERENCE:
- Discussed RISKS/ALTERNATIVES/BENEFITS TO IMPLANTS AND GRAFTS.  NOT LIMITED TO: FAILURE, PAIN, SWELLING, BLEEDING, BRUISING, INFECTION, DAMAGE TO ADJACENT TEETH, BONE GRAFT RISKS, LOSS OF IMPLANT AT ANY TIME DUE TO LACK OF OSSEOINTEGRATION, PERI-IMPLANTITIS, INFECTION, FRACTURE OF IMPLANT, SCREW, OR PROSTHESIS.
- TWO STAGES OF IMPLANTS WITH NEED TO WAIT 4-6 MONTHS BETWEEN IMPLANTS
- SUCCESS/FAILURE RATES OF IMPLANTS
- Possible needs for bone grafting (allograft/cadaver, synthetic, xenografts porcine/bovine) Prior and/or simultaneous with implants
- Site(s) for implants
- Second opinion offered
- Possible PERMANENT numbness, burning, tingling, or other nerve injuries
- All patient and escort's questions answered, demonstrated understanding

Discussed Implant treatment, patient declined implant treatment

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | 04/19/24 08:25 CDT | Color | 1920 B Pod 2 | 01,0B2208 |

Ext. 6

From: O'DHALSIM SCRUGGS on 02/26/24 14:18 CST



| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | 04/19/24 08:26 CDT | Color | 1920 B Pod 2 | 01,0B2208 |

Ext. 7

From: O'DHALSIM SCRUGGS on 02/26/24 14:15 CST



| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| Kevin Davis | 83253 | 04/19/24 08:26 CDT | Color | 1920 B Pod 2 | 01,0B2208 |

Ext. 8

From: O'DHALSIM SCRUGGS on 02/26/24 14:14 CST

Ext. 9 (1of4)

 **Kansas**
Department of Corrections

# INTERNAL MANAGEMENT POLICY & PROCEDURE

**Applicability:** _ ADULT Operations Only   _ JUVENILE Operations Only   X DEPARTMENT-WIDE

PAGE #:  1 of 4

**IMPP #:  16-102D**

**HEALTH CARE SERVICES: Oral Health Care Services**

Original Date Issued:  11-01-21   Replaces IMPP Issued:  N/A   CURRENT EFFECTIVE DATE: 11-01-21

Approved By: _____  **Secretary**   **Next Scheduled Review:  10/2023**

## POLICY

Residents in the custody of the KDOC are to receive timely oral screening, examination, and treatment (not limited to extractions) for dental conditions that would otherwise adversely impact the resident's health.  Services are performed by licensed dental personnel under the direction and supervision of a dentist licensed in Kansas and practicing under the auspices of the contracted health services vendor's Regional Dental Director. Consultation with dental specialists and emergency dental services are available to KDOC residents in accordance with guidelines outlined by the contracted health services vendor.  Each resident has access to the preventive benefits of fluorides in a form determined by the dentist to be appropriate for each resident's individual needs.  The contracted vendor's written policy, procedure, and practice are to be in accordance with ACA and NCCHC standards.

## DEFINITIONS

<u>Oral Care</u>:  Includes instruction on oral hygiene, as well as examination, and treatment of dental problems. Instruction in oral hygiene minimally includes information on plaque control and the proper brushing of teeth.

<u>Oral Screening</u>:  Includes inquiry about dental pain, visual observation of the teeth and gums, assessment of swelling or functional impairment, notation of any obvious or gross abnormalities or impairment requiring immediate referral to a dentist.

<u>Oral Examination</u>:  A dentist takes or reviews the patient's oral history and includes an extraoral head and neck examination, charting of the teeth, and examination of the hard and soft tissue of the oral cavity with a mouth mirror, explorer, and adequate illumination.

<u>Oral Treatment</u>:  A full range of services that are necessary in the judgement of the supervising dentist.

<u>Regional Dental Director</u>:  Responsible for the clinical supervision of all facility dentists and dental health care personnel within the KDOC facilities.  The Regional Dental Director is responsible to the Regional Medical Director clinically and the Regional Vice President or designee administratively.

<u>Regional Medical Director</u>:  The physician Medical Director of the contracted agency or organization responsible for the provision of health care services for the KDOC offender population.  This position has full clinical autonomy and responsibility for the provision of clinical services within the KDOC.

<u>Facility Dentist</u>:  An individual licensed to practice dentistry and responsible to provide dental health services to the resident population of a facility; the facility dentist works under the direction of the Regional Dental Director.

## PROCEDURES

I.   **Dental Personnel and Equipment**

Ext. 9(2of4)

A.   Dentists must be licensed in Kansas to perform dentistry and to prescribe controlled medication.

B.   The site dentist must supervise the services of all site dental staff and must provide dental examinations and treatment.

C.   The dentist must oversee the infection control practices, quality control, and continuous quality improvement activities of the dental department.

D.   The dentist must train staff who perform oral screening.  Documentation of the training must be maintained in the individual staff member's training file.  Training is not limited to self-study programs.

E.   Dentists, oral hygienists, or personnel trained by the dentist must provide oral hygiene instruction and preventive oral education.

F.   A physician, nurse practitioner, physician assistant, or registered nurse approved and trained by a dentist must conduct the oral screening. during receiving screening.

G.   X-ray equipment is available, and X-rays must be used as indicated to develop treatment plans.

H.   Oxygen and blood pressure monitoring equipment must be readily available while the dental operatory is in use and anesthesia, including local anesthesia, is being used.

II.   **Screening, Examination, and Treatment**

A.   There is a defined scope of available dental services, including emergency dental care.

B.   **ADULT:**  Oral screening must be conducted during the receiving screening process but no later than seven (7) calendar days from admission.

C.   **JUVENILE:**  Oral screening must be conducted during the receiving screening process but no later than fourteen (14) calendar days from admission.

D.   Oral hygiene, oral disease/preventive education, and self-care instruction must be provided within thirty (30) days of admission.

E.   Each patient must receive an oral examination within thirty (30) days of admission into the system.  The examination includes:

   1.   Reviewing and or taking a dental history,

   2.   Charting of teeth,

   3.   Examination of the hard and soft tissue of the oral cavity with a mouth mirror, explorer, and adequate illumination,

   4.   Periodontal examination,

   5.   Extra-oral head and neck examination, and,

   6.   X-ray studies for diagnostic purposes if necessary.

F.   Documentation of dental examination and treatment must be in accordance with a defined charting system approved by the Regional Dental Director and Director of Healthcare Compliance.

G.   Follow up appointments must be prioritized and scheduled for care based on the findings of the oral examination.

H.   Dental examinations and oral hygiene instruction must be provided every two (2) years during the birthday month for all patients.

I.   Dental treatments, not limited to extractions, must be provided according to a system of treatment priorities determined by the dentist.

   1.   Dental extractions must be performed in a manner consistent with community standards and American Dental Association clinical guidelines. Informed consent must be obtained from the patient before an extraction. Dental extractions require recent radiographic images depicting the patient's current oral conditions.

   2.   Vital signs must be taken prior to invasive procedures.

J.   A patient's non-compliance with good oral hygiene practices (e.g., plaque control) must not be used as a basis to deny urgent oral care.

K.   Medication orders from the dentist must be documented in the electronic health record, noted by an RN, and administered to the patient in a timely manner.

L.   Referrals to dental specialists and oral surgeons must be available as clinically indicated and when such treatment falls outside of the scope or professional capability of the facility dentist upon approval of the Regional Dental Director.

M.   Healthcare staff must use nursing clinical guidelines to assess and treat conditions such as unrelenting tooth pain, abscesses, and avulsion in absence of a dentist.

N.   When dental staff are not on site, nurses must handle dental requests through the sick call process and or in accordance with the site process for emergent assessment.

O.   Requests for dental care and follow up appointments are scheduled by the dental department based on priority guidelines established by the dentist.

III.   **Dental Prosthesis**

A.   Dental prostheses are to be provided to the residents as clinically indicated.

   1.   A receipt of appliance/equipment form must be generated and signed by the resident for any appliance received.

   2.   The form must be maintained in the electronic health record and a copy must be sent to the property officer for inventory.

B.   The healthcare vendor is responsible to provide dentures at no cost to the resident when required for mastication.

C.   Dentures must be provided by the vendor and paid for by the resident when requested only for cosmetic purposes as allowed by time and approval by the Regional Dental Director.

D.   Replacement dentures are provided by the vendor and paid for by the resident for dentures that are lost or damaged within five (5) years of the originally issued denture.

E.   Replacement of dentures is the responsibility of the vendor if the original dentures are required for mastication and the lost or damaged denture is older than five (5) years.

F.   The contracted vendor must purchase all medically necessary dentures from their chosen vendor.

IV.   **Statistics**

Ext. 9(4of4)

A. Monthly statistics must be generated by the dental department as designated in the KDOC monthly health services report and or as directed by the Health Services Administrator.

**NOTE:**  The policy and procedures set forth herein are intended to establish directives and guidelines for staff, residents, and offenders and those entities that are contractually bound to adhere to them.  They are not intended to establish State created liberty interests for employees, residents, or offenders, or an independent duty owed by the Department of Corrections to employees, residents, offenders, or third parties.  Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards.  Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure are not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

## REPORTS

None.

## REFERENCES

ACA 4-4360
ACA 5-ACI-6A-19-1
ACA: 4-JCF-4C-15
NCCHC P-E-06
NCCHC Y-E-06
Comprehensive Healthcare Services Contract 2.5

## HISTORY

11-01-21 Original

## ATTACHMENTS

None.

Ext. 10

| ester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| avis | 83253 | 11/21/23 08:09 CST | Color | 1920 B Pod 2 | 01,0B2208 |

3IM SCRUGGS on 11/20/23 19:08 CST

Thursday, November 16, 2023 @ 12:24 pm                                      Page 1 of 1

Report Parameters:

| | Ledger: Sort by Date | |
|---|---|---|
| Providers | (All) | Superbill? | No |
| Start Date | 03/18/2008 | End Date | 01/17/2013 |

## Jared E Dye

1919 N. Maize Road, Suite 200

Wichita, KS  67212-

(316) 721-4890

### Kevin Davis (Patient #: 77887)

| P .O. BOX 20298<br>Wichita, KS  67208- | Patient Information | Account Balance: $0.00 |
|---|---|---|
| | Main Phone: (316) 262-4243 | |
| | Alt. Phone: (620)   - | |
| Guarantor:  Kevin Davis | Birthdate: 6/24/1975 | Next Recall: None |
| | Soc. Security: ***-**-7460 | Next Appt: None |

Form 9
For Cellhouse Transfer
Work Assignment     N/A
Interview Requests

**Received**

NOV 1 6 2023

**Warden's Office-LCF**

Davis
_____
**Last Name Only**

Ext. 12
0083253
_____
**Number**

B2-208

**KANSAS DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST TO STAFF MEMBER**

To: Exe. Officer to Warden-Mrs. Williams _____ Date: 11/14/23

(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Greetings Mrs. Williams Would u please be so kind as to provide me w/ the full name of

KDOC Regional Dental Director, i.e. Dr. (?) Cannon, for he's emplcyed at El dorado Facility.

Thanks... . I would like to make this request pursuant under KORA 45-215

Work Assignment: N/A _____ Living Unit Assignment: B2-208

Comment: _____ Detail or C.H. Officer: CO JFFFJVV

Disposition: _____

To: Davis #83253 _____ Date: 11-17-23

(Name & Number)

Disposition: Fred Cannon works for Centurion.

Warden's Office
_____
Employee's Signature

P-0009

**To be returned to inmate.**

Ext. 13

**LANSING CORRECTIONAL FACILITY**

**MEDICAL DEPARTMENT**



November 14, 2023

TO:  Whom it may concern

FROM:  Jeanie Burk RN, BSN, HSA

RE: Davis, Kevin 83253

**Mr. Davis is requesting contact with Dr. Cannon, State dental director due to continued pain in his teeth.**

Mr.Davis has 20 dental encounters since 1/1/23, including visits with Dr. Cannon. Dental has discussed the previous failed apical surgery which has led to the cyst and chronic infection he is currently complaining of.  Mr. Davis has been sent off-site to oral surgery per his request.  Dental recommendations have consistently been extraction of teeth 9 and 10, with replacement via partial dentures.  Mr. Davis has declined the treatment plan and requested time to consider this option.  Extraction is the recommendation by Dr. Cannon per his notes.

**SUMMARY:**
Mr. Kirkland should consider extraction which has been offered to alleviate pain and infection.

If I can be of any more assistance in this manner please call.

# Health Services Request Form

Ext. 14

| For Medical Use Only<br>Sólo para uso médico | |
|---|---|
| Date Received: | |
| Time Received: | |

Print Name (Imprimir nombre): Davis, K

Date of Request: 11/19/23

ID #: 83253          Date of Birth (Fecha de nacimiento): 06/24/75

Housing Location (Ubicación de la vivienda): B2-208

Nature of problem or request (Naturaleza del problema o solicitud): This cist is/have gotten huge within me mouth & I really Need to see my Oral Surgent to HaVe it removed wthe/ith 'root end' procedure. Please see me. I'm in major pain....

10/10
Top left
Front
135
122/78
109
98/
97.7

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuerdo con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

| (The area below is not to be used for education, counseling or documenting a clinical encounter) |
|---|
| Triaged by: NMathus          ☑ Routine   ☐ Urgent   ☐ Emergent |
| Date: 11/19/23          Time: 0805 |
| Date of Face-to-Face Visit: 11/19/23 |
| Other: |

| Response Recommendation (to be completed by Medical Staff only) | | | | | |
|---|---|---|---|---|---|
| Initial | ☐ Nurse | ☐ Doctor | ☐ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Appointment | ☐ Nurse | ☐ Doctor | ☑ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Fee Charge | ☐ $2.00 | | | | |
| Comments: | | | | | |

Staff Signature          Date          11/19/23



Ext. 18

## Kansas Department of Corrections
Arm orthopedic/arthritis problems, upper back/neck problems, recurrent dislocated shoulder
Other medical issues
Left upper ext weakness. Left hand paralysis/weakness due to  history of motor vehicle accident/traumatic injury.
Right eye blindness due to corneal scar. Intermittent blindness in left eye due to vascular spasm/migraine headache.
Due to left hand paralysis and eyesight difficulties, pt needs an extra hour to work in the law libraries.
Uses small cloth bag to carry eye medications.

### OMIS 229:
**Work detail not requiring:**
Restrict assignment requiring handling/lifting heavy materials in excess of
Restrict assignment requiring overhead work for a period in excess of
Other work restrictions:
No work  due to disabilities: Left upper extremity weakness/paralysis and right eye blindnees, Left eye intermittent blindness.

### Activities of Daily Living:
| | |
|---|---|
| Feeding: | Self |
| Ambulation: | Self |
| Hygiene: | Self |
| Toileting: | Self |
| Transfers: | Self |

Created on: 02/24/2020 11:34 AM
Generated by: Carmen G. Baynham, APRN

Ext. 19

| | |
|---|---|
| **From:** | James Skidmore [KDOC] |
| **Sent:** | Wednesday, June 7, 2023 12:23 PM |
| **To:** | KDOC_LCF_Everyone |
| **Subject:** | Allowable Property in Education |
| **Importance:** | High |

Residents are not permitted to carry a store bag or any other type of bag to the Education Area. The only allowable property are their books and school issued tablets or laptops. There is no exception to this and includes the porters assigned to education barbershop and library. Please let me know if you have any questions or concerns.

James Skidmore | LCF - DWO
**Kansas Department of Corrections**

Ext. 20

# Gaming Console

LCF will be offering the resident population the ability to purchase a handheld gaming console.



300 Retro Style Games Built-in + 8 Data East Classics Including:

**B-Wings**
**Bad Dudes**
**BreakThru**
**Burger Time**
**Caveman Ninja**
**Karate Champ**
**Heavy Barrel**
**Side Pocket**

- Clear Construction
- 2.7" LCD Screen
- 16-Bit Game Processor
- Compact Size: 5.5" x 2.8" x 0.9"

- Detachable 30" A/V Cable Included
- Connects to Any TV With A/V Inputs
- Requires 4 "AAA" Batteries (Not Inlcuded)
- Shipping Weight: 8.5 oz.

**WHEN:** February 5-7, 2024(All Units)

**COST:**          $40.00

              ***This will not count against your $40.00 monthly spending limit.

**DEADLINE:**       Close of business Friday, January 13, 2024

- Each resident will be allowed to purchase one gaming console. The price will be $40.00.
- Each console uses 4 AAA batteries, not included.
- Resident must be in general population upon time of ordering.
- These will be ordered through the FUND-RAISER process. (an example is shown below) must be submitted via paper, not electronic.
- All proceeds will go into the Inmate Benefit Fund FOR FUTURE DONATION.
- All orders will need to be turned in to unit team by Due date.
- Funds will be deducted from your account within a week.
- **All sales will be final. No refunds will be given except for transfers.**
- **Items are not transferable to other facilities.**
- **All game consoles will be engraved and added to your property list.**
- **Batteries can be purchased thru the canteen.**

Ext. 21

| Plaid Boxers | | Grey Boxer Briefs | |
|---|---|---|---|
| Waistband size | Waistband size | Waistband size | Waistband size |
| Small – 33"- 34" | 2X Large – 41"-42" | Small – 34" | X Large – 40" |
| Med.- 35"-36" | 3X Large – 43"-44" | Med.- 36" | 2X Large – 42" |
| Large – 37"-38" | 4X Large – 45"-46" | Large – 38" | 3X Large – 44" |
| X Large – 39"-40" | | | |

## *BIBR Special items order form*
## *Your spending limit is $75.00 and will not affect your outgoing funds*

| | Size ordered | Qty/3pk | Price per 3pk. | Total |
|---|---|---|---|---|
| **"LIMIT" of any three (3) packs of Plaid Boxers** | | | | |
| Plaid Boxer (Small - Medium) | | | $8.75 | |
| Plaid Boxer (Large – X Large) | | | $9.45 | |
| Plaid Boxer (2X Large - 3X Large) | | | $10.15 | |
| Plaid Boxer (4X Large) | | | $10.85 | |
| **"LIMIT" of any two (2) packs of Gray Boxer Briefs** | Size ordered | Qty/5pk | Price per 5pk. | Total |
| Gray Boxer Brief (Small – X Large) | | | $16.75 | |
| Gray Boxer Brief (2XLarge) | | | $17.15 | |
| Gray Boxer Brief (3XLarge) | | | $19.50 | |
| **There will be a "LIMIT" of "ONE (1)" set of AAA Rechargeable Batteries per order.** Place and "X" in the open space if you are ordering the Batteries | | | | |
| **Rechargeable AAA Batteries** | | | $19.60 | |
| **"ATTENTION"** There will be a "LIMIT" of "ONE (1) Conair Beard Trimmer per order The Conair Beard Trimmers will be a "NON TANSFER ITEM". This means that if you are transferred to another facility (other than the minimum in Lansing) you will have to mail out or donate your Beard Trimmers.  They will also go through property to be processed. Place a "X" in the open space if you are ordering the trimmers | | | | |
| **Conair Beard Trimmers** | | | $18.20 | |

Grand Total _____

**The deadline for turning in your AWR w/order form attached to <u>unit team</u> is <u>Monday April 1, 2024</u>**
**SPECIAL NOTE: DELIVERY DATE SUBJECT TO CHANGE DUE TO SHIPPING AND AVAILAVILITY**

**The delivery dates will be as followed: <u>Tuesday May 21, 2024 at L.C.F 512 (Min).</u>**
**<u>Wednesday May 22, 2024 at L.C.F 1920 (Max A-Unit) & Thursday May 23, 2024 at the LCF 1920 (Med B-Unit)</u>**
The Spending Limit is $75.00 and if you order more than $75.00 your AWR and order will be returned to you for correction.
The AWR Due date will still apply and you may not be eligible to resubmit your order.
**|"PLEASE READ THE FOLLOWING INFORMATION IN THE BOX BELOW"|**

*East Unit*: If you get rolled from the East unit, with a DR, your order will be considered a donation to BIBR.    *Max &*

*Max & Med*: If you are or go on Segregation status (for any reason on April 1, 2024) your order will not be processed. If you are not on Segregation status on date of delivery, you will receive your order. If you are on Segregation status on day of delivery your order will be considered a donation to BIBR.

Name: _____ Number: _____ L/U: _____
                                    (signature)



Ext. 22



**Kansas Department of Corrections**
**Receipt of Medical Equipment/Appliance Form**

I, _Kevin Davis_                    _3-6-18_
  (Print Name)                      (Date)

Acknowledge receipt of the following medical equipment or appliance:

☐ Cane

☐ Crutches

☐ Dentures (5 years)

☐ Eye Glasses (2 years)

☐ Hearing Aid

☐ Knee Brace

☐ Splint

☐ Prosthesis – describe: _____

☐ Wheelchair

☒ Other – describe: _Shi. Safety boot Brace_____

Purchased by: _Corizon_           Expiration Date: _____

☒ I acknowledge that the equipment/appliance is functional for my use.

☒ I acknowledge the equipment/appliance is in good working condition.

☒ I acknowledge that this equipment has been purchased for me by Corizon Health Inc., and that replacement of this equipment/appliance due to loss, damage or willful destruction is my responsibility.

| | |
|---|---|
| | _3-6-18_ |
| Inmate Signature | Date |
| _Cacy    CLCN_ | _3-6-18_ |
| Witness Signature | Date |

| Name (Last, First, Middle) | DOC# | DOB | Race/Sex | Facility |
|---|---|---|---|---|
| _Davis Kevin_ | _83253_ | _1-24-73_ | | _HCF-C_ |

(White-Medical File    Yellow-Security Property Officer    Pink-Inmate/Patient)

NA7045KS
Issued 11/2014

© 2014 Corizon Health, Inc.

D2=206

Ext. 23



# Kansas Department of Corrections
## Receipt of Medical Equipment/Appliance Form

I, _Kevin Davis_                    _2-12-2019_
(Print Name)                         (Date)

Acknowledge receipt of the following medical equipment or appliance:

☐ Cane

☐ Crutches

☐ Dentures (5 years)

☐ Eye Glasses (2 years)

☐ Hearing Aid

☐ Knee Brace

☒ Splint          _Premier wrist brace medium size, Left_

☐ Prosthesis – describe: _____

☐ Wheelchair


☐ Other – describe: _____


Purchased by: _____  Expiration Date: _____


☒ I acknowledge that the equipment/appliance is functional for my use.

☒ I acknowledge the equipment/appliance is in good working condition.

☒ I acknowledge that this equipment has been purchased for me by Corizon Health Inc., and that replacement of this equipment/appliance due to loss, damage or willful destruction is my responsibility.

| | |
|---|---|
| Inmate Signature | Date |
| | |
| Witness Signature | Date |

| Name (Last, First, Middle) | DOC# | DOB | Race/Sex | Facility |
|---|---|---|---|---|
| Davis, Kevin T. | 83253 | 6-24-75 | | HCF(c) |

REF 0814-4393
LOT 354644-20181102
SUGG. HCPCS: L3908
PREMIER WRIST BRACE MD LT

(White-Medical File    Yellow-Security Property Officer    Pink-Inmate/Patient)

NA7045KS
Issued 11/2014

© 2014 Corizon Health, Inc.

Ext. 24

# Receipt of Medical Equipment/Appliance Form

| Davis, Kevin | 83253 |
|---|---|
| Name (Last, First, Middle) | DOC # |

| 6/24/75 | B/M | SCF B2-104 |
|---|---|---|
| DOB | Race/Sex | Facility |

Acknowledge receipt of the following medical equipment or appliance:

| **Medical Equipment** | **Serial Number, Prescription, Date Issued, Description, etc.** |
|---|---|
| ☐ Cane | |
| ☐ Crutches | |
| ☐ Dentures (5 years) | |
| ☐ Eye Glasses (2 years) | |
| ☐ Hearing Aid | |
| ☐ Knee Brace | |
| ☐ Splint | |
| ☐ Prosthesis – describe: | |
| ☐ Wheelchair | |
| ☒ Other – describe: | 4 Medical Shoes 9.5 White Velcro |

Order Expiration Date: _____

☒ I acknowledge that the equipment/appliance is functional for my use.
☒ I acknowledge the equipment/appliance is in good working condition.
☒ I acknowledge that this equipment has been purchased for me by Centurion and that replacement of this equipment/appliance due to loss, damage or willful destruction is my responsibility.

_____          _____
Inmate Signature                                                       Date

_____          2/16/2022
Witness Signature                                                     Date

White – Medical Records        Pink – Patient        Yellow – A&D



INMATE REQUEST TO STAFF MEMBER

Ext. 25

To: Dr. M. Kalma et al, (Clinic Dep't)          Date: 11/6/23
(Name and Title of Officer or Department)

_CO1 Joseph_

Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

Form 9
For Cellhouse Transfer
Work Assignment          N/A
Interview Requests

Davis
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

0083253
Number

**INMATE REQUEST TO STAFF MEMBER**

To: Dr. M. Kalma et al, (Clinic Dep't)          Date: 11/6/23
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I visited w/ u today; yet I can't remember if I gave u the correct size for the medical shoes, and mention that the splint was size meduim. So when u order both of the approved appliance that u reexamine me for, the shoe size is 9.5, and the splint is 'M' (Left) hand).

Thank u for not being bias in your medical decision of approval.

Work Assignment:  N/A                    Living Unit Assignment:  B2-208

Comment: _____        Detail or C.H. Officer: _CO1 Joseph_

Disposition: I HAVE ORDERED THE SIZE HERE ON THE FORM AND THE SPLINT. LOOK FOR THE CALLOUT.

To: Davis   083253                    Date: 11/07/2023
(Name & Number)

Disposition: _____

_Aicara RN-DON_
Employee's Signature                    **To be returned to inmate.**

P-0009

Ext. 26

DAVIS, KEVIN
CLOTRIMAZOLE - BETAMET CR
183:53
PACK    1462
Qty: 12/20/20... 

QTY: 45
RX#: 16817549
Earliest Refill: 12/23/2023

Attachment B, IMPP 11-119
Effective: 12-11-13

## DISCIPLINARY REPORT

Ext. 27

Lansing Correctional Facility-Central
(FACILITY)

| Case No.2767 | Date of Alleged Violation: 01/22/24 | Time:08:58 | A.M. / P.M. |
| Date This Report Written: | 01/22/24 | Time:13:00 | A.M. / P.M. |

Name of Inmate: Davis          Kevin                    No.   0083253       Cell No: B2-208
              LAST            FIRST            MI

Duty Assignment: UAA

Alleged Violation of Law or Rule *(Identify by Code No., Short Title, and Class)* 44-12-211, Telephones or other communication devices  Class 1 Offense

FACTS:
On Monday, January 22, 2024, I, Special Agent Supervisor James Gift of the LCF EAI office reviewed ICS CSN Call Number 314339694, which was made by LCF resident Kevin Davis #83253 to telephone number1-901-232-1579, O' DHALISM SCRUGGS. Scruggs is listed as Davis's son on his registered telephone numbers with ICS.  Davis directs Scruggs to complete two three-way phone calls, One, two a local dentist office and the other to 785-296-1389, which is the number of State of Kansas ADA Coordinator Anthony Fadale. By engaging in this activity and directing other people to connect phone call through the ICS calling system, resident Davis violated 44-12-211  Telephones or other communication devices, which is a  Class 1 Offense

END OF REORT

*(Attach Additional Sheet(s) if necessary)*

Staff Witnesses:                                      (Signature) _____

                                                     SAS J Gift
                                                     Printed Name and Title of Employee Writing Report
                              Approved by:  _____, Hagedorn
                                                     (Shift Supervisor, Unit Team Manager & Title)

*I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct*

Executed on  01/22/2024                    Signature _____

I received a copy of this report on  1/22/24
                                    (Date)        (Time)              (Inmate Signature & No)

I served a copy of this report  1/22/24              Col Kasten
                                (Date)     (Time)        (Signature of Officer or Unit Team Manager & Title)

*Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuant to K.A.R. 44-13-707. Harmless error; Plain error.*

☐ Witness(es) Sworn In/Affirmed _____    Ext. 28 _____

_____    _____

**Witness(es) Testimony / Cross Examination  (Attach Testimony)**

**Closing Statement(s):  (Attach Arguments)**

**If applicable include Resident testimony/ arguments on restitution**

**Sanction(s):** 211A — 30 PWR S/S 180

**Reason for Sanctions:** SEE PLEA WAIVER

**Disposition of Evidence:** N/A

☐  Resident advised of right to Appeal,  Have Resident Initial _____

HEARING OFFICER SIGNATURE _____    DATE 1-24-24

**FINAL ACTION BY FACILITY WARDEN:**

☑ APPROVED
☐ REINSTATE DISMISSED CHARGES; REMAND NEW HEARING    ☐ REDUCE TO SUMMARY JUDGMENT
☐ AMEND THE CHARGE                                    - restriction from privileges up to 10 days
☐ DISAPPROVE/DISMISS                                  - fine not exceed $10.00
☐ REDUCE THE PENALTY                                  - extra work w/o incentive pay for no more
☐ SUSPEND ALL OR PART OF SENTENCE                        than 2 hrs/day no more than 5 days
☐ REMAND NEW HEARING                                  - work w/o incentive pay not to exceed 5 days
☐ CLARIFICATION OF RECORD                             - restitution not less than $3.00
                                                         or more than $20.00

**Comments:** _____

WARDEN/DESIGNEE SIGNATURE                    JAN 3 1 2024
                                             DATE

**I received a Copy of the Hearing Record and understand I have 15 days to Appeal this decision.**

Resident SIGNATURE                           2/16/24
                                             DATE
**I served a copy of the Hearing Record**

STAFF SIGNATURE                              2-14-2024
                                             DATE

Technical and clerical errors in the writing and/or processing of the Disciplinary Report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to prove. Pursuit to K.A.R 44-13-707. Harmless error; Plain error.

vii

# EXCERPTS

| Excerpt | Description | Page Count |
|---|---|---|
| Para. 52 | KDOC<br>LCFC<br>Kevin T. Davis, # 0083253<br>Emergency Grievance, # KAR 44-15-106<br>Date: 11.1.23 | 1 of 3 |
| Para. 53 | KDOC<br>LCFC<br>Kevin T. Davis, # 0083253<br>UTM Mr. Kimberly Oblinger (response)<br>Emergency Grievance, # KAR 44-15-106<br>Date: 11.6.23 | 1 of 3 |
| Para. 54 | Kevin T. Davis, # 0083253<br>Attn: Jesse Howes, Warden<br>In re: Emergency Grievance, # KAR 44-15-101<br>Date: 11.6.23 | 1 |
| Para. 55 | Kevin T. Davis, # 0083253<br>Attn: Jesse Howes, Warden<br>In re: Notice of Default (KAR 60-255a)<br>Date: 11.10.23 | 1 |
| Para. 56 | MEMO<br>To: KDOC<br>Fr: Kevin T. Davis, # 83253<br>Subject: Violation by Warden et al., (KAR 44-15-102) (F) (G)<br>Date: 11.22.23 | 1 |
| Para. 57 [2] | Kevin T. Davis, # 0083253<br>Attn: Correction Management, Risk Management<br>In re: Letter of Default w/ Affidavit toward Warden Howes<br>To: Mrs. Darcie Holthaus, CM, RM<br>Date: 11.22.23 | 1 of 2 |

---

[2] Addendum Default Notice under K.S.A. 60-255a to Mrs. Darcie Holthaus, CM, RM et al., dated, 12.15.23

Para. 58            KDOC            1 of 2
Attn: Mrs. Darcie Holthaus, CM, RM et al.,
Fr: Kevin T. Davis, # 83253
In re: Default w/ Affidavit
Date: 12.29.23

Para. 59            STATE OF KANSAS            1 of 9
American w/ Disabilities Act
Fr: Kevin T. Davis, # 83253
To: STATE ADA COORDINATOR
Subject: Grievance
Date: 12.29.23

Para. 60            KDOC            1
Inmate Request to Staff
Form 9
Fr: Kevin T. Davis, # 83253
To: UTM Mr. Kimberly Oblinger
Date: 1.04.24

Para. 61            KDOC            1
To: Kevin T. Davis, # 83253
Fr: Jesse Howes, Warden
Subject: ADA Grievance
Date: 2.05.24

Para. 62            Request, # 428058971            1 of 2
To: Kevin T. Davis, # 83253
By Marcelle Chmidling
Subject: ADA response
Date: 3.14.24

Para. 63            Kevin T. Davis, # 83253            1 of 6
STATE ADA COORDINATOR
Attn: Mr. Anthony Fadale
Kan. Dep't for Children & Families
In re: Time of Limitation (Request for Reconsideration)
Date: 3.15.24

Para. 64            Kevin T. Davis, # 83253            1 of 6
OFFICE OF HEALTHCARE COMPLIANCE
Attn: BSA Joshua Murtaugh
KDOC Medical Grievance Coordinator
In re: Time of Limitation to respond to Medical Grievance w/
Medical Grievance
Date: 3.15.24

ER-Emergency Grievance   1 of 3

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name    **Kevin T. Davis**                    Number _____ 83253 _____

Facility __ LCFC __          Housing Unit ____ B2-208 ____   Work Detail __ N/A __

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

Emergency Grievance 44-15-106
Documents et seq., attached hereof

Date this report was given to Unit Team for informal resolution (to be completed by inmate). __ 11/1/23 __

## UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

I have investigated your concerns outlined in the attached grievance. 44-15-101 Grievance Procedure; Informal Resolution; formal levels; (b) states, "Before utilizing the grievance procedure, the inmate shall be responsible for attempting to reach an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis. An inmate in a facility or parole setting shall contact the unit team members for the attempt at informal resolution." You submitted the grievance prior to attempting an informal resolution. You are encouraged to wait for the informal resolution prior to submitting the grievance. You will need to re-submit your complaint on a form 9 as an informal and give the unit team the opportunity to investigate your complaint. No further action deemed necessary at this time.

_____ UTM   11-6-23
Unit Team Signature                  Date

## INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). __ 11/6/23 __

                                                            11/6/23
Inmate Signature                                           Date

## WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____   _____
Inmate's Signature            Date   Unit Team Signature            Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                  _____

Type of Complaint (Item 4: Code 01-75)   _____   _____

Cause of Complaint (Item 5: Code 01-30)  _____   _____

Type of Response (Item 6a: Code 01,02,08 or 09)   _____   _____

ER – Emergency Grievance 2 of 3

Kevin T. Davis, # 0083253
Complainer
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

Lansing Correction Facility
Warden J. Howes et al,
P.O. Box 2
Lansing, Ks 66043

In re: Emergency Grievance 44-15-106 Emergency

Dear Warden J. Howes et al,

On the 26th day of October, 2023, I, Davis went to a scheduled dental appointment for the cleaning of my teeth, and during that visit Dr. Fred Cannon the Regional Dental Director (Centurion Health) [1] whom was supposed to have been there for a follow up on the bifurcated surgery that is continuing to cause me chronic pain, e.g., a enlarge **'cist'** has/is growing therein my superior maxillary, maxilla, or upper jawbone that requires a 'root end surgery' (apicoectomy) as well. **See Appx. A** (apicoectomy).

I, Davis explained to the dentist on duty whom at all time was familiar of the bone tissue that has/is continue to decay in my face leaving a huge hole in my superior maxillary, maxilla, or upper jawbone; for which if it decay unto my sinus it would cause <u>death</u>.

The dental aid (Racheal) whom scheduled the appointment stated to I, Davis that Dr. Fred Cannon "denied my referral to a dental specialists and oral surgeon back on 7/28/23" [2] due to there was

---

[1] Dr. Cannon work out of the Eldorado Facility.
[2] The Dental Specialists Oral Surgeon Dr. Arron Sterling Card addressed at 3550 S. 4th St. Ste., 240 Leavenworth, Ks 66048 913.772.4334 referred me to a Specialists Oral Surgeon that would do the procedure; yet Dr. Arron Sterling Card finding out weight Dr. Cannon's protocol; rather it fits the need of I, Davis' (patient). Dr. Cannon like all KDOC physician try to save KDOC inter alios, (Centurion Health) capital when (Centurion Health) gets it grants through and by the ACA, i.e., Federal capital for prisoners. Dr. Cannon's arbitrarily protocol is an unreasonable application.

not a dental specialists contracted w/ KDOC to perform the bifurcated surgery that is continuing to cause me chronic pain, [3] and in his physician opinion I, Davis should have my (x2) front teeth removed. [4]

I, Davis went further to expound to the aid et al., that there was not anything wrong w/ my (x2) front teeth and I refuse to follow the narrow minded opinion of Dr. Cannon's protocol; [5] rather than I, Davis' (patient) needs; and I will promptly file a '1983 for the ongoing major death situation of an 8th Amendment violation.

Sincerely,

Kevin T. Davis, # 0083253
Complainer
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
Date: 11/01/23 @ 1p

**CC:** Centurion Health, 21251 Ridge Top Cr., Ste. 150, Sterling, VA 20166-6645; ACA Standards Dep't of Complaint, 206 N. Washington St. Ste., 200, Alexandria, VA 22314, and 911 to contact highway patrol for making report.

---

[3] This was/is a White Lie, due to I, Davis provided Dr. Cannon et al, w/ a Dental Specialist located in Wichita, whom I, Davis saw in, 2008, as a non-incarcerated prisoner that held the rank of preforming this type of surgery even if one was/is incarcerated.
[4] Dr. Cannon opinion is of *brutum fulmen Black's law New Pocket Ed. Pg. 75 1996*, i.e., removal of my (x2) front teeth does not make the enlarge 'cist' go away, so we are back at square one; I, Davis need to be referral out pursuant to **IMPP 16-102D II. L.**
[5] Dr. F. Cannon denied my referral for surgery back on, 7/28/2023, and, I, Davis was never made aware thereof until 10/26/23.

Kevin Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

ER-Letter In re... .

LCFC
Mr. Jesse Howes Warden,
Administration
P.O. Box 2
Lansing, Ks 66043

In re: (x1) Grievance under KAR 44-15-101 (Emergency)

Greetings Warden J. Howes,

Either you don't understand 44-15-106 permits me (prisoner) to bypass the prerequisite if informal resolution of going to the UTM whom at all times cannot obtain a solution to this 'ROOT END SURGERY' (Apicoectomy) at bar, or the UMT (Mrs. Opliger don't understand that KAR 44-15-101 is moot for a response from her.

You advised me on November 6, 2023, @ 12:30p that you gave this medical info to the Clinic; yet the UTM gave it to me w/ her none binding response. What are you doing? Do you not understand this matter is a substantial risk of personal injury that continue to get worse by the sec?

I'm in serious and irreparable pain. This emergency was for you to contact Dr. Cannon whom is the Regional Dental Direct at Eldorado Correctional Facility to get me to an Oral Surgeon. What are you doing? If I don't hear back from you soon on this issue at bar; I will contact 911 whom will forward me to the State High Way patrol whom has jurisdiction to come within any State Correctional Facility to make a report on this substantial risk of personal injury that continue to get worse by the sec that can cause me death. I will await your response.

Sincerely,

Kevin Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
Date: 11/6/2023

Kevin T. Davis,#0083253                    ER-NOTICE OF DEFAULT
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043


LCFC
Attn: Jesse Howes, Warden
P.O. Box 2
Lansing, Ks 66043


In re: Notice of Default pursuant to K.S.A. 60-255a

Dear warden J. Howes,

    I, Davis foward you a Grievance dated November 1, 2023,

pursuant under Art. 44-15-102(a)(A)(ii); you have 10 working

days from the date of receipt to render an answer; am giving

this Notice within 3 days date,11/10/23, before 11/15/23.

time for  your responce.


  Sincerely,

Kevin T. Davis,#0083253
Grievee
Dated: 11/10/23 @ 8a.(Inner Facility Mail)

ER-MEMO . . . .

**MEMO TO CORRECTION MANAGER, RISK MANAGEMENT**
**REGARDING (X1) GRIEVANCE**

**TO:**   KDOC
Attn: Correction Manager, Risk management
714 SW Jackson St., Ste. 300
Topeka, Ks 66603

**FROM: Kevin Tamar Davis, #0083253**

**SUBJECT: Violation by Warden et al., pursuant to 44-15-102 (F) (G); (Grievance Serial Number is omitted, due to no response. …)**

**MESSAGE:**    On November 1, 2023, I Davis forward an Emergency grievance et seq, under KAR 44-15-106 to Warden J. Howes through and by the prisoner mail system, i.e., Inner Facility Mail. Warden Howes refuse to on purpose in not responding to the above within (10) working days; today is the 22nd, day of November, 2023, and I, Davis have to move forward in lieu of unanswered grievance. Likewise you have (20) twenty days to respond. I will be awaiting.

Sincerely,

Kevin T. Davis, # 0083253
Complain tee
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
Date: 11/22/23

ER-DEFAULT W/AFFIDAVIT (1 of 2)

Kevin T. Davis, # 0083253
Complain tee
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

KDOC
Attn: Correction Manager, Risk management
714 SW Jackson St., Ste. 300
Topeka, Ks 66603

In re: Letter of Default insomuch as Warden Mr. Howes refuse to answer said Grievance

Dear Mrs. Darcie Holthaus, CM, RM

Griever move for a judgment by default in this action, and; show that 44-15-106 (Emergency Grievance) permits him to bypass the prerequisite in the Informal Resolution in the above cause was made out November 1, 2023, it was duly served on Warden Mr. Howes whom refuse to answer it, thereby placing it in UTM Mrs. Opliger mail box. Mr. Howes is the most incompetent Warden LCFC has ever had; not just he this UTM is no different. Again both seem to not understand KAR 44-15-106, OMG!!! I, Davis was not satisfied w/ the UTM Mrs. Opliger et al., whom was at all-time not an infants or as appears in the Affidavit of Statement submitted herewith. I, Davis return the emergency grievance back dated November 6, 2023, I will be mailing a copy of the foregoing to the KDOC, Attn: Correction Manager, Risk management, 714 SW Jackson St., Ste. 300, Topeka, Ks 66603.

Kevin T. Davis, # 0083253
Complain tee
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
Date: 11/22/23

AFFIDAVIT FOR ENTRY OF DEFAULT

STATE OF KANSAS

COUNTY OF Leavenworth          ss.

Subscribed and sworn to before me this 20 day of ~~August~~ Nov, 20 23

ER-DEFAULT W/ AFFIDAVIT (2 of 2)

2

i of 2



Angela Demencius
NOTARY PUBLIC~STATE OF KANSAS
MY APPT EXP:   12/8/26

_____
Notary Public                          SEAL:

Kevin Tamar Davis, #0083253, Affiant being duly sworn according to the Law, deposes and say:

Griever, Affiant would allege and incorporate by reference the same therein the letter of default.

STATE OF KANSAS

COUNTY OF *Leavenworth*                  SS.

Kevin T. Davis, #0083253
Affiant Signature

ER-NOTICE OF DEFAULT

Kevin T. Davis,#83253
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043


KDOC
Attn: Darcie Holthaus, CM, RM et al.,
714 SW Jackson St., Ste 300
Topeka, Ks 66603

In re: Notice of Default pursuant to K.S.A. 60-255a

Dear Darcie Holthaus, CM, RM et al.,

    I, Davis  foward you a "Emergency grievance et seq.,

dated, 11/22/23, to you pursuant to KAR Art. 44-15-102(a)(c)(2)(3),

you have until, 12/20/23, to render a responce. I, Davis make

this Notice within 3 days  from, 12/15/23, time for your

responce.


Sincerely,

Kevin T. Davis,#0083253
Grievee
Dated: 12/15/23 @ 8a (Inner Facility Mail)

ER-DEFAULT W/AFFIDAVIT ( 1 of 2)

KDOC
Attn: Correction Manager, Risk management
714 SW Jackson St., Ste. 300
Topeka, Ks 66603

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

In re: Letter of Default insomuch as Correction Manager, Risk management refuse to answer said
Emergency Grievance pursuant to KAR 44-15-102 **Procedure** (G)(c)(1)(2)(3)

Dear Mrs. Darcie Holthaus, CM, RM et al,

      Griever move for a judgment by default in this action, and; show that 44-15-106 (Emergency

Grievance) permits him to bypass the prerequisite in the Informal Resolution in the above cause was

made out November 1, 2023, it was duly served on Warden Mr. Howes, whom was at all-time not an

infants or as appears in the Affidavit of Statement submitted herewith; whom refuse to answer it.

      On, 11/22/23, I, Davis forward the unanswered Emergency Grievance et seq, through and by U.S.

postal prepaid to the above address, not to mention December 20, 2023, would have been 20 working

days for an response with an answer, today is December 29, 2023.

      This dated will show the U.S. District Court of Kansas when filing a 1983 that you et al., really

are not concern w/ violation of I, Davis' 8th Amendment et cetera.

Sincerely,

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
Date: 12/29/23

ER-DEFAULT W/ AFFIDAVIT (2 of 2)

AFFIDAVIT FOR ENTRY OF DEFAULT

STATE OF KANSAS

                                        SS.

COUNTY OF

    Subscribed and sworn to before me this _29th_ day of December, 20_23_.

Notary Public                                SEAL:

> KIM OPLIGER
> Notary Public - State of Kansas
> My Appt. Expires _10-9-2027_

    Kevin Tamar Davis, #0083253, Affiant being duly sworn according to the Law, deposes and say:

Griever, Affiant would allege and incorporate by reference the same therein the letter of default.

STATE OF KANSAS

                                        SS.

COUNTY OF

                                        Kevin T. Davis, #0083253
                                        Affiant Signature

1 of 4
**STATE OF KANSAS**
**American with Disabilities Act (ADA)**
**Grievance Procedure**
**In accordance with Executive Order 92-154**

**From:**  Kevin T. Davis, # 0083253
Disabler/Complainant
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com

**To:**  STATE ADA COORDINATOR
c/o Kan. Dep't for Children & Families
555 S. Kansas Ave.
Topeka, Ks 66612
PH: 785.296.1389

**SUBJECT:** Major Grievance et cetera, ADA violation….

Greeting STATE ADA COORDINATOR et al,

I, Davis entered KDOC (LCFC) in, 2015, at that point I, Davis had several disabilities that KDOC

contractor prison physician et al, were familiar with w/out a doubt or contradiction. In, 2015, all prisoners

were given the privilege to make use of their canteen bags for school, law library (activities)  et cetera,

due to I, Davis having so much legal material et seq, not to mention acting *pro se* the canteen bag 'straps'

continued to snap; well a happenstance came about through and by a fund raising program w/ item(s)

from the outside market, e.g., I, Davis purchased a black cardboard Satchel Briefcase @ $50.00 dollars

that was similar situated w/ the canteen bag that enable one of my disabilities.

I, Davis curried this briefcase [1] for two (2 ½) years before I, Davis was transferred to Hutchinson

Correction Facility in, 2018. [2] In, 2020, during my stay at HCFC the facility made a policy that prisoners

could no longer carry ones canteen bag et cetera, unless one could show a medical need of sort.

I, Davis placed a sick call in, and the prison physician assess my disabilities and noted several of

them on the clinic pollex, and I, Davis was cleared to continue to make use of the state issuing canteen

---

[1] Due to me, Davis purchasing the 'Satchel' from within the facility, it was in no way to have posed any immediate threat to the security of this institution.
[2] LCFC Medium prisons was being demolished.

bags and or 'Satchel' due to paraplegic episodes thereof my left arm. **See Ext. 1 of 2-Medical Classification Pollex**. In, 2021, I, Davis was transferred back to LCFC and I, Davis inter alios, was permitted to carry state issuing canteen bags and or 'Satchel'.

On December 6, 2023, non-medical officials Warden James Skidmore in cahoots w/ Warden Jesse Howes restricted me, Davis inter alios, from carrying state issuing canteen bags and or 'Satchel' without any immediate threat to security of this institution, [3] and beside the point I, Davis purchased the satchel from this facility which enables my disability.

I, Davis averred to both Warden's that there action was "otherwise discriminatory wherewith deliberate indifference," because I, Davis only had one arm to make use thereof; and that I could not carry a lot of legal material et seq, with one arm; and beside the point my left arm could not withstand a lot of weight.

Both Wardens are/have ignored Title II *"no otherwise qualified disabled individual shall solely by reason of such disability be excluded from the participation in, be denied the benefit, or be subjected to discrimination" in programs or activities sponsored by a [state] entity.*

In addition to such restriction of Equipment or Appliance in the effort to enable I, Davis' disabilities, let the record reflect that upon coming into KDOC I, Davis had prior medical condition that can't be fixed maybe medicated by-and-by; yet several of my medical condition required Medical Equipment or Appliance, e.g., "SPLINT" and "MEDICAL SHOSE" et cetera, (other Medical Equipment or Appliance Omitted).

When I, Davis arrived at LCF dated, 8/20/2015, I had a premier wrist brace (splint) on my left hand; thereinafter I, Davis was transferred to HCFC dated, 1/16/2018, during a shakedown the SORT confiscated the splint and cut it open thereby removing the metal support plate.

---

[3] I, Davis even withstood both Warden to their face and advised them both that I was cleared by the prison physician due to my disability, and beside the point Library workers are permitted to continue to carry there state issuing canteen bags w/ out any medical clearance.

3 of 4

I, Davis was compel to made a sick call due to my left hand required a splint from paralytic, and it was given to me dated, 3/6/2018. **See Ext. 3. (Acknowledge Receipt)**; thereinafter I received an updated brand, 2/12/2019. **See Ext. 4. (Acknowledge Receipt).**

In addition to entering KDOC I, Davis also applied for medical shoes year after year, [4] and I, Davis received the medical shoes dated, 2/16/2022, approved through and by non-bias physician Dr. Joe whom at all-time has resigned of LCFC. **See Ext. 5. (Receipt of Medical Equipment (Medical Shoes)).**

On, 11/6/2023, I, Davis was seen by non-bias physician Dr. Mariah Kalma whom at all-time has resigned of LCFC, and held the rank and rights of reexamining me for medical shoes, and splint [5] and from her findings I, Davis needed to continue to receive such Medical Equipment or Appliance.

Dr. Kalma placed the orders for both the medical shoes, and splint, and advised me that I would be receiving both around 30 days at the most. On, 12/20/2023, I went to a schedule sick call with ARNP Bera, and she order me foot cream et seq., for my feet condition, and advised me at that time that Jeanie Burk, RN, BSN, HAS on site director, and non-physician denied Dr. Mariah Kalma professional medical request for my medical shoes and splint dated, 11/8/2023, *<WHAT>*. [6]

I, Davis have (x2) life sentences and have to count on Centurion as a medical provider for any and all medical needs, not to mention the (2) two aforementioned medical condition can't be repaired [7] only too be Medically Equipment for limitation or physical impairments. [8]

I drafted this complaint to give the STATE ADA COORDINATOR time to have KDOC to locus poenitentiae before a causable claim of action under 1983 is filed. I'm not playing.

---

[4] I, Davis suffered major pain from both feet for years due to deliberate indifference.
[5] Medical shoes are reissued every year.
[6] I, Davis withstood Mrs. Burk to her face about this denial; and she stated that the only prisoners "could have medical shoes were prisoners w/ diabetes."
[7] No matter how centurion arbitrarily change it medical policy, I, Davis medical condition will never change not to mention either Medical Equipment or Appliance is under the "GRANDFATHER CLAUSE."
[8] Mrs. Burk prison policy limited to one specific prisoner feet condition is discriminatory in violation of Title II, and is subjected to an 8th Amendment violation!

**CONCLUSION**

The evidence here given through and by I, Davis, Disabler/Complainant is highly probable or reasonably certain, e.g., I, Davis has/is being discriminated on and have been denied the <u>benefits</u> (Medical Equipment or Appliance) of Centurion Health medical <u>program</u> for prisoners.

Second, I, Davis has/is been discriminated on and have been excluded from the benefits of making use of the purchased black cardboard Satchel Briefcase bought @ $50.00 dollars through and by KDOC FUND RAISING <u>program</u> to enable me in every effort of litigation thereof the prison Law Library sponsored through and by <u>activity</u> dep't thereof KDOC as a state or public entity.

**RELIEF**

I, Davis would respectfully request that the ADA take up my cause and action by compelling these KDOC violators' to permit I, Davis to continue to carry a state canteen bag in the alternative the purchased black cardboard Satchel Briefcase @ $50.00 dollars as order by Dr. Carmen G. Baynham, APRN wherewith the giving of my medical shoes and hand splint.

Sincerely,

Kevin T. Davis, # 0083253
Disabler/Complainant
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
<u>daviskevin948@yahoo.com</u>\
Date: 12/29/23 @ 1a.

Ext. 1of2

ER-STATE OF KANSAS (ADA) Grie (5 of 9)

# Kansas Department of Corrections

## Medical Classification

| | | | |
|---|---|---|---|
| KDOC #: | 83253 | Name: | DAVIS, KEVIN , T |
| DOB: | 06/24/1975 | Sex: | M |
| SSN: | 7460 | Location: | Hutchinson - Central |
| Encounter Date: | 02/24/2020 09:20 AM | Provider: | Carmen G. Baynham APRN |

**Reviewed**

**ADA Questionnaire**

| | |
|---|---|
| 1. Has a significant hearing defect? | No |
| 2. Is deaf? | No |
| 3. Has a significant visual defect? | No |
| 4. Is blind? | No |
| 5. Has medical issue resulting in disability? | Yes |
| 6. Is Frail? | No |
|    a) Due to medical issue? | No |
|    b) Due to age? | No |
| 7. Has mobility issues? | No |
|    a) Walking assistance required? | No |
|    b) Wheelchair? | No |
|    c) Stair restrictions? | No |
|    d) Bathing/dressing assistance required? | No |
|    e) Requires an aid worker? | No |
|    f) Prosthetic device required? | No |
| 8. Is on O2? | No |
| 9. Uses CPAP? | No |

**Classification:**
**Cleared for Jail  No**

P: 2 Average to good medical condition.
U: 5 Loss/paralysis of limb; decreased upper body strength, range of motion.
L: 1 No impairment
H: 1 No impairment
E: 4 Limited vision; depth perception due to loss of one eye.
X: 3 Unfit for most work assignments but capable of light house keeping in own living unit.

**OMIS 230:**
      Non-smoker

**OMIS 231:**
    **Living unit assignments:**
        Patient placed on chronic care
        Other, describe limitation or physical impairment
    Disability:
1. Blind in right eye due to corneal scar from traumatic childhood injury.
Intermittent loss of vision in left eye due to vascular vasospasm related to migraines which can happen at any time.
2. Left hand and wrist  weakness/paralysis May wear ace wrap as needed on left arm and left wrist splint
for support at all times .
3. May  use canteen bag to carry items such as books.
4

**OMIS 232:**
    **Medical issues:**
Created on: 02/24/2020 11:34 AM
Generated by: Carmen G. Baynham, APRN

1

Ext. 2 of 2

# Kansas Department of Corrections

Arm orthopedic/arthritis problems, upper back/neck problems, recurrent dislocated shoulder
Other medical issues
Left upper ext weakness. Left hand paralysis/weakness due to  history of motor vehicle accident/traumatic injury.
Right eye blindness due to corneal scar. Intermittent blindness in left eye due to vascular spasm/migraine headache.
Due to left hand paralysis and eyesight difficulties, pt needs an extra hour to work in the law libraries.
Uses small cloth bag to carry eye medications.

**OMIS 229:**

**Work detail not requiring:**
Restrict assignment requiring handling/lifting heavy materials in excess of
Restrict assignment requiring overhead work for a period in excess of
Other work restrictions:
No work  due to disabilities: Left upper extremity weakness/paralysis and right eye blindnees, Left eye intermittent blindness.

**Activities of Daily Living:**
Feeding:        Self
Ambulation:     Self
Hygiene:        Self
Toileting:      Self
Transfers:      Self

Created on: 02/24/2020 11:34 AM
Generated by: Carmen G. Baynham, APRN

Ext. 3

ER-STATE OF KANSAS (ADA) GRIE (7 of 9)



## Kansas Department of Corrections
## Receipt of Medical Equipment/Appliance Form

I, _Kevin Davis_                    _3-6-18_
  (Print Name)                        (Date)

Acknowledge receipt of the following medical equipment or appliance:

☐ Cane

☐ Crutches

☐ Dentures (5 years)

☐ Eye Glasses (2 years)

☐ Hearing Aid

☐ Knee Brace

☐ Splint

☐ Prosthesis – describe: _____

☐ Wheelchair

☒ Other – describe: _Sm. Safety wrist brace_

Purchased by: _Corizon_          Expiration Date: _____

☒ I acknowledge that the equipment/appliance is functional for my use.

☒ I acknowledge the equipment/appliance is in good working condition.

☒ I acknowledge that this equipment has been purchased for me by Corizon Health Inc., and that replacement of this equipment/appliance due to loss, damage or willful destruction is my responsibility.

|  |  |
|---|---|
|  | 3-6-18 |
| Inmate Signature | Date |
| _Gary N Cook RN_ | 3-6-18 |
| Witness Signature | Date |

| Name (Last, First, Middle) | DOC# | DOB | Race/Sex | Facility |
|---|---|---|---|---|
| Davis, Kevin | 83253 | 4-24-73 | | HCF-C |

(White-Medical File    Yellow-Security Property Officer    Pink-Inmate/Patient)

NA7045KS
Issued 11/2014

© 2014 Corizon Health, Inc.

D2=206



## Kansas Department of Corrections
## Receipt of Medical Equipment/Appliance Form

I, __Kevin Davis__ ( __2-12-2019__
  (Print Name)                         (Date)

Acknowledge receipt of the following medical equipment or appliance:

- ☐ Cane
- ☐ Crutches
- ☐ Dentures (5 years)
- ☐ Eye Glasses (2 years)
- ☐ Hearing Aid
- ☐ Knee Brace
- ☒ Splint    *Premier wrist brace medium size, Left*
- ☐ Prosthesis – describe: _____
- ☐ Wheelchair

- ☐ Other – describe: _____

[REF] 0814-4393
[LOT] 354644-20181102
SUGG. HCPCS: L3908
PREMIER WRIST BRACE MD LT
6 10670 06628 2

Purchased by: _____  Expiration Date: _____

- ☒ I acknowledge that the equipment/appliance is functional for my use.
- ☒ I acknowledge the equipment/appliance is in good working condition.
- ☒ I acknowledge that this equipment has been purchased for me by Corizon Health Inc., and that replacement of this equipment/appliance due to loss, damage or willful destruction is my responsibility.

| Inmate Signature | | Date |
|---|---|---|
| | | |
| Witness Signature | | Date |

| Name (Last, First, Middle) | DOC# | DOB | Race/Sex | Facility |
|---|---|---|---|---|
| Davis, Kevin T. | 83253 | 6-24-75 | | HCFC |

(White-Medical File    Yellow-Security Property Officer    Pink-Inmate/Patient)

NA7045KS
Issued 11/2014

© 2014 Corizon Health, Inc.

Ext. 5

# Receipt of Medical Equipment/Appliance Form

ER–STATE OF KANSAS (ADA) GRIE (9 of 9)

Davis, Kevin                          83253
#### Name (Last, First, Middle)              DOC #

6/24/75              B / M          HCF B2-104
#### DOB                  Race/Sex              Facility

Acknowledge receipt of the following medical equipment or appliance:

**Medical Equipment**      **Serial Number, Prescription, Date Issued, Description, etc.**

☐ Cane                    _____

☐ Crutches                _____

☐ Dentures (5 years)      _____

☐ Eye Glasses (2 years)   _____

☐ Hearing Aid             _____

☐ Knee Brace              _____

☐ Splint                  _____

☐ Prosthesis – describe:  _____

☐ Wheelchair              _____

☒ Other – describe:  Medical Shoes 9.5 White Velcro

Order Expiration Date: _____

☒ I acknowledge that the equipment/appliance is functional for my use.

☒ I acknowledge the equipment/appliance is in good working condition.

☒ I acknowledge that this equipment/appliance has been purchased for me by Centurion and that replacement of this equipment/appliance due to loss, damage or willful destruction is my responsibility.

_____        ___1/16/2022_____
#### Inmate Signature                      Date

_____        _2/16/2022_____
#### Witness Signature                     Date

White – Medical Records      Pink – Patient      Yellow – A&D

Centurion: REC-016KS
07/01/2020



**Form 9**
For Cellhouse Transfer
Work Assignment _____N/A_____
Interview Requests

Davis
_____
**Last Name Only**

ER-FORM 9

**KANSAS DEPARTMENT OF CORRECTIONS**

0083253
_____
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: ___UTM Mrs. Obliger_____     Date: ___1/4/24_____
       **(Name and Title of Officer or Department)**
       **State completely but briefly the problem on which you desire assistance. (Be specific.)**

_____Mrs. Obliger, UTM hereis the ADA Grievance; u may want to_____
_____call this agency and get there email and or efile to scane_____
_____the Grievance et seq; for it has to be foward to the ADA_____
_____Coordinator no one from KDOC can respond to it. Thanks... ._____

_____Did I spell your name right this thyme._____

Work Assignment: _____N/A_____     Living Unit Assignment: ___B2-208_____
Comment: _____     Detail or C.H. Officer: _CO2 DeDvc___

Disposition: _____
_____
_____
_____

To: _____     Date: _____
      **(Name & Number)**

Disposition: _____
_____
_____
_____

_____
**Employee's Signature**

**To be returned to inmate.**

P-0009

EX-WARDEN'S LETTER TO DAVIS



# Kansas
### Department of Corrections
*Lansing Correctional Facility*

Lansing Correctional Facility
P.O. Box 2
Lansing, KS 66043

Phone: (913) 727-3235
www.doc.ks.gov

Jeff Zmuda, Secretary of Corrections
Jesse Howes, Warden

Laura Kelly, Governor

**DATE:**        05 February 2024

**TO:**          Kevin Davis 83253    B2-200

**FROM:**        Jesse Howes, Warden  *Jh*

**SUBJECT:**     ADA Grievance : *No grievance number assigned*

I have received the above referenced complaint concerning your issues with medical staff at KDOC, specifically Lansing Correctional Facility.

This matter has been forwarded to the appropriate parties.

Cc:  File

## Request #428058971

**Profile Photo:**



**Audit Photo:**
Audit Photo

**Resident Info**

**Name:** Kevin Davis (1975-06-24)
**Booking Number:** 83253
**Nationality:**
**Submitted Date:** 03/07/24 17:04
**Submitted from Location/Room:** 01,0B2208/1920 B Pod 2
**Current Location/Room:** 01,0B2208/1920 B Pod 2
**Facility:** Lansing Correctional Facility - (KS DOC)
**MAC ID:** 48:7B:5E:01:03:13
**Device ID:** 487B5E010313

**Form Info**

**Category:** Form 9
**Form:** ADA Form 9
**Internal Tag:** No Tag

**Request Info**

**Status:** CLOSED **by** Marcelle Chmidling
**Facility Deadline:** 03/21/24 23:59

**Summary of Request:**

Where is my ADA Complaint

**Details of Request:**

**To::**
*(Name and Title of Officer or Department)*
Marcelle Chmidling CRM/ STATE ADA COORDINATOR

**Please provide details about your request:**
*State completely but briefly the problem on which you desire assistance. (Be specific)*
On 12/29/23 their was a ADA grievance send and hand delivered to UTM et all, 60 days was the maximum time provided by law to give a detail response.
Today is the 7th day of March, 2024. Stop the B/S and send my Complaint back, OK... .

**Work Assignment:**
Damn Work

**Comment:**
Anthony Fadale is full of sh*t as well. He knows a violation exit

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 03/14/24 11:18 | Marcelle Chmidling | Staff Response | Mr. Davis, The ADA Grievance you forwarded to the State ADA Coordinator was scanned and emailed to me on Thursday, January 18, 2024. The exhibits you provided in your grievance show on 03-06-2018 you acknowledged receiving a splint, on 02-12-2019 you acknowledged receiving a replacement (updated) splint, and on 02-24-2020 it was noted you suffered left hand and wrist weakness/paralysis. This resulted in you being permitted to wear an ace wrap as needed on your left arm and a left wrist splint for support. It was also noted you could use a canteen bag to carry items such as books. Carrying your store bag became an issue after DW Skidmore's email dated December 05, 2023, was sent as a reminder that the only time residents could carry store bags was when they went to pick up their canteen items. It was also noted that there would be no exceptions. Prior to this directive being sent, there was nothing in your medical chart indicating you had sought any treatment for your arm. On Thursday, January 18, 2024, I requested a review of your medical records to determine if there were any updated notes regarding the store bag. On Wednesday, January 24, 2024, Centurion Regional Manager Chisham reported a PULHEX including information on you carrying the store bag was last updated on December 23, 2020. Because there was no updated information from December 2020 to the present, I requested, and RM Chisham scheduled an appointment for you to see the doctor to update your PULHEX. On Friday, February 09, 2024, I was notified that on Thursday, February 08, 2024, you were seen by Site Medical Director Dr. Fincher. Their assessment determined it to be medically appropriate for you to carry your books in a store bag when going to the library, and the PULHEX was updated. On Monday, February 13, 2024, I met with Warden Howes |

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| | | | to discuss the need for an exception to W Skidmore's December 05, 2023, memorandum. Warden Howes indicated he would send a memorandum to all staff advising them you were permitted to carry your store back when you went to the library. Warden Howes and I discussed this again on Wednesday, February 21, 2024, and I requested you be provided a copy of the memorandum to carry with you in case staff attempted to stop you from carrying the bag. Warden Howes indicated you would be given a copy. If you have not received the copy, let your unit team counselor know so I can have one sent to you. In your grievance, you stated on November 06, 2023, you were seen by Dr. Mariah Kalma who reexamined your needs and determined you needed medical shoes and a splint. Information provided by RM Chisham indicates your official medical record documented you were seen by an onsite APRN who noted, "11-6-23 Mr. Davis was evaluated by APRN on site for subjective reports of his left wrist, "going out" since it was slammed in a car door in 2001. Reports of pain and swelling. Splint makes it more secure. Upon examination there was a normal exam with no motor deficits found. Mr. Davis also requested medical shoes for foot pain related to state issued boots. Exam with no findings to support request." On December 20, 2023, you were updated in person that objective findings for needing a brace and shoes were not met. On Monday, February 12, 2024, RM Chisham advised there was no security issue that would prohibit me from telling you there was a pending request made for you to be seen and evaluated by an outside ortho. If you disagree with medical finding/decisions that have been made regarding your needs, you may file a medical grievance. BSA Joshua Murtaugh, Office of Healthcare Compliance KDOC Medical Grievance Coordinator 714 SW Jackson Street, Suite 300, Topeka, KS 66603 On Wednesday, February 28, 2024, I mailed my response to you, which included the information noted above. Respectfully, Marcelle Chmidling, Manager EEO/ADA |
| 03/14/24 11:18 | Marcelle Chmidling | Changed Status | From 'Open' to 'Closed' |
| 03/14/24 10:23 | Kevin Davis | Viewed Staff Response | |
| 03/08/24 10:35 | Kevin Davis | Viewed Staff Response | |
| 03/08/24 10:35 | Kevin Davis | Viewed Staff Response | |
| 03/07/24 17:04 | Kevin Davis | Viewed Staff Response | |
| 03/07/24 17:04 | Kevin Davis | Submitted New | Where is my ADA Complaint |

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com

March 15, 2024 @ 9p.

STATE ADA COORDINATOR
C/o Kansas Dep't for Children & Families
Attn: Mr. Anthony Fadale
555 S. Kansas Ave.
Topeka, Ks 66612

In re: Time of limitation to Response to said Request for Reconsideration

Greeting: Mr. Anthony Fadale


        I, Davis U.S. postal prepaid the above Request for Reconsideration dated, 3/15/24, and you have

(30) thirty days from the above date to give a response or face default.


    Sincerely,

    Kevin T. Davis, # 0083253
    Griever
    LCFC B2-208
    P.O. Box 2
    Lansing, Ks 66043

**From:** Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com

**To:** STATE ADA COORDINATOR
c/o Kansas Dep't for Children & Families
Attn: Mr. Anthony Fadale
555 S. Kansas Ave.
Topeka, Ks 66612

**SUBJECT:** Request for Reconsideration of the decision dated, 3/14/2024, by Marcelle Chmidling, Manager EEO/ADA et al,

Greetings Mr. Anthony Fadale et al,

I, Davis received the response through and by Mrs. Marcelle Chmidling, Manager EEO/ADA from a third party Centurion Regional manager Chisham and all party's involved have placed a foot therein its' mouth by showing that there action are still "objective unreasonable" thereby showing more of genuine issues of material facts exist in the matter at bar.

The Centurion inner facility have prior outside records et seq., from St. Francis or Joseph in Wichita, Ks that showed I, Davis' left hand in fact had been damaged in, 2001, i.e., slammed in a car door w/ assessment determination that the left hand would never be that of normalcy.

Thereinafter having I, Davis to follow up w/ my own personal medical provider whom recommended a 'SPLINT' (brace). Dr. Fincher (hire gun) conclusion to have I, Davis to continue to make use of the State issuing canteen bag had been already approved by a doctor at HCFC dated, 2/24/2020, due to I, Davis' left weak/paralysis hand. [1]

---

[1] Yet Dr. Fincher denied I, Davis the medical splint for the same weak/ paralysis hand thereby clearly establishing legal norms, a reasonable Dr. knows that denying prescribed treatment for a serious medical need for several months for nonmedical reason violates Davis constitutional rights alone w/ a showing of a genuine issue of material facts still exist in the matter at bar, and beside the point under Title II of the American with Disabilities Act (ADA) "no otherwise qualified disabled individual shall solely by reason of such disability be excluded from the participation in, be denied the benefit, or be subjected to discrimination" in programs or activities sponsored by a [state] entity."

ER-In re: Request for Reconsideration from ADA (3of6)

Dr. Fincher, DW Skidmore, Warden Howes, and; Centurion Regional manager Chisham all have withheld relevant facts, e.g., I, Davis purchased a 'Satchel' for $50.00 in, 2015, to enable my weak/paralysis left arm, that became an alternative in lieu of the State issuing canteen bag, yet it to should have been discussed as a need for an exception to DW Skidmore's, 12/5/2023, memorandum.

To permit I, Davis not to continue to make use of the State purchasing Satchel would create a 'Racketeering' scheme and or 'Larceny by Trick through and by LCF, i.e., offering its' population to purchase such item from a KDOC FUND-RAISING, just as Davis' $50.00 Legal Satchel briefcase; then some day later turn around and permit its' population **not** to have access thereof. At least Davis's Legal Satchel briefcase was purchase to enable his disability; now what the 'HELL' grown axx men going or needing w/ playing Mario Brothers. Kansas Have the most dumbest KDOC Warden's inter alios., in the U.S., its' prisoner population of men already have a very low IQ, yet KDOC et al, feed its' prisoner population of men with more abecedarian science, wonder why so many fights & disrespect et cetera therein its' prison system. DAMN shame. *See* **(Ext. 1. (Gaming Console Offer)),** another LCFC continuing 'Racketeering' scheme.

Second, the medical shoes were provided by Dr. Joe, not an APRN nor Dr. Fincher.[2] Dr. Joe assessment and determination was made by clear and convincing evidence, e.g., prior outside medical record et. seq, of pain, swelling inter alia, insofar as I, Davis feet condition occurred before entering into the KDOC became more irreparable when I, Davis wore State issuing 'cheap boots' and this is true because I, Davis never had any more issues w/ a feet condition since Dr. Joe approved medical shoes dated, 2/16/2022. (Check the Centurion Regional for that).

_____

[2] On, 2/8/2024, I, Davis appealed to Dr. Fincher to reassess my feet condition; Dr, Fincher ignored me, Davis thereby showing her action to be that of Deliberate Indifference, because if Dr. Fincher would have to reassess my feet condition her assessment determination would have continued my medical shoes just as my State issuing canteen bag. In addition Dr. Fincher omitted the findings of support that Dr. Kalma prescribed Clotrimazole-Betamet CR *See* **(Ext. 2.)** for the irritation of my feet condition w/ an ORDER for a medical 'SPLINT' & 'SHOES'; yet Jeanie Burk, HSA denied I, Davis thereof medical shoes cause I, Davis was not a diabetic thereby showing a genuine issue of material facts still exist in the matter at bar.

ER-In re: Request for Reconsideration from ADA (4of6)

## CONCLUSION

I, Davis has/is been discriminated on and have been excluded from the benefits of making use of the purchased black cardboard Satchel Briefcase bought @ $50.00 dollars through and by KDOC FUND RAISING program to enable me in every effort of litigation thereof the prison Law Library sponsored through and by activity dep't thereof KDOC as a state or public entity; and the same could be said by the denial of said medical shoes to enable me in every effort of an everyday life.

## RELIEF

I, Davis would respectfully request that I, be permit to continue to carry a State canteen bag in the alternative the purchased black cardboard Satchel Briefcase @ $50.00 dollars, and approved such medical shoes, and any other medical benefits [3] deem by this agency.

Sincerely,

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com
Date: 3/15/24 @ 9a.

---

[3] I, Davis had not been seen for chronic care since, 2020, and this is why there was no updates as it pertained to my medical benefits, and if you check the Centurion Regional records you would see that somehow I have been taken off chronic care w/out any medical reasons.

Ext. 1

# Gaming Console

LCF will be offering the resident population the ability to purchase a handheld gaming console.



300 Retro Style Games Built-in + 8 Data East Classics Including:

**B-Wings**
**Bad Dudes**
**BreakThru**
**Burger Time**
**Caveman Ninja**
**Karate Champ**
**Heavy Barrel**
**Side Pocket**

- Clear Construction
- 2.7" LCD Screen
- 16-Bit Game Processor
- Compact Size: 5.5" x 2.8" x 0.9"

- Detachable 30" A/V Cable Included
- Connects to Any TV With A/V Inputs
- Requires 4 "AAA" Batteries (Not Inlcuded)
- Shipping Weight: 8.5 oz.

**WHEN:** February 5-7, 2024(All Units)

**COST:**      $40.00

          ***This will not count against your $40.00 monthly spending limit.

**DEADLINE:**     Close of business Friday, January 13, 2024

- Each resident will be allowed to purchase one gaming console. The price will be $40.00.
- Each console uses 4 AAA batteries, not included.
- Resident must be in general population upon time of ordering.
- These will be ordered through the FUND-RAISER process. (an example is shown below) must be submitted via paper, not electronic.
- All proceeds will go into the Inmate Benefit Fund FOR FUTURE DONATION.
- All orders will need to be turned in to unit team by Due date.
- Funds will be deducted from your account within a week.
- **All sales will be final. No refunds will be given except for transfers.**
- **Items are not transferable to other facilities.**
- **All game consoles will be engraved and added to your property list.**
- **Batteries can be purchased thru the canteen.**

Ext. 2

ER-In re: Request for Reconsidaration from ADA (6of6)

DAVIS, KEVIN
CLOTRIMAZOLE - BETAMET CR
b3'b3
1 ACT
1/29/20213

QTY-45
RX#: 16017549
Earliest Refill: 12/23/2023

ER − IN RE: MEDICAL GRIEVANCE (1 of 6)

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com

March 15, 2024 @ 9p.

OFFICE OF HEALTHCARE COMPLIANCE
Attn: BSA Joshua Murtaugh
KDOC Medical Grievance Coordinator
714 SW Jackson St., Ste. 300
Topeka, Ks 66603

In re: Time of limitation to Response to said Medical Grievance

Greeting: BSA Joshua Murtaugh,

     I, Davis U.S. postal prepaid the above Medical Grievance dated, 3/15/24, and you have (30) thirty

days from the above date to give a response or face default.

    Sincerely,

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

**From:** Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com

**To:** OFFICE OF HEALTHCARE COMPLIANCE
Attn: BSA Joshua Murtaugh
KDOC Medical Grievance Coordinator
714 SW Jackson St., Ste. 300
Topeka, Ks 66603

**SUBJECT:** Medical Grievance

Greetings Mr. BSA Joshua Murtaugh et al,

**Griever would reallege and incorporate by reference the ADA grievance et seq., dated 12/29/2023, w/ the Supplemental addendum.**

On, 3/14/2024, I spoke w/ Marcelle Chmidling, Manager EEO/ADA et al, and she averred that she would be "emailing you the prior ADA complaint et seq." Here below are the Supplemental:

I, Davis received the response through and by Mrs. Marcelle Chmidling, Manager EEO/ADA from a third party Centurion Regional Manager Chisham and all party's involved have placed a foot therein its' mouth by showing that there action are still "objective unreasonable" thereby showing more of genuine issues of material facts exist in the matter at bar.

The Centurion inner facility have prior outside records et seq., from St. Francis or Joseph in Wichita, Ks that showed I, Davis' left hand in fact had been damaged in, 2001, i.e., slammed in a car door w/ assessment determination that the left hand would never be that of normalcy.

Thereinafter having I, Davis to follow up w/ my own personal medical provider whom recommended a 'SPLINT' (brace).

Dr. Fincher (hire gun) conclusion to have I, Davis to continue to make use of the State issuing canteen bag had been already approved by a doctor at HCFC dated, 2/24/2020, due to I, Davis' left weak/paralysis hand. [1]

Dr. Fincher, DW Skidmore, Warden Howes, and; Centurion Regional manager Chisham all have withheld relevant facts, e.g., I, Davis purchased a 'Satchel' for $50.00 in, 2015, to enable my weak/paralysis left arm, that became an alternative in lieu of the State issuing canteen bag, yet it to should have been discussed as a need for an exception to DW Skidmore's, 12/5/2023, memorandum.

To permit I, Davis not to continue to make use of the State purchasing Satchel would create a 'Racketeering' scheme and or 'Larceny by Trick through and by LCF, i.e., offering its' population to purchase such item from a KDOC FUND-RAISING, just as Davis' $50.00 Legal Satchel briefcase; then some day later turn around and permit its' population **not** to have access thereof. At least Davis's Legal Satchel briefcase was purchase to enable his disability; now what the 'HELL' grown axx men going or needing w/ playing Mario Brothers. Kansas Have the most dumbest KDOC Warden's inter alios., in the U.S., its' prisoner population of men already have a very low IQ, yet KDOC et al, feed its' prisoner population of men with more abecedarian science, wonder why so many fights & disrespect et cetera therein its' prison system. DAMN shame. **See (Ext. 1. (Gaming Console Offer)),** another LCFC continuing 'Racketeering' scheme.

Second, the medical shoes were provided by Dr. Joe, not an APRN nor Dr. Fincher. [2]

---

[1] Yet Dr. Fincher denied I, Davis the medical splint for the same weak/ paralysis hand thereby clearly establishing legal norms, a reasonable Dr. knows that denying prescribed treatment for a serious medical need for several months for nonmedical reason violates Davis constitutional rights alone w/ a showing of a genuine issue of material facts still exist in the matter at bar, and beside the point under Title II of the American with Disabilities Act (ADA) "no otherwise qualified disabled individual shall solely by reason of such disability be excluded from the participation in, be denied the benefit, or be subjected to discrimination" in programs or activities sponsored by a [state] entity."

[2] On, 2/8/2024, I, Davis appealed to Dr. Fincher to reassess my feet condition; Dr, Fincher ignored me, Davis thereby showing her action to be that of Deliberate Indifference, because if Dr. Fincher would have to reassess my feet condition her assessment determination would have continued my medical shoes just as my State issuing canteen bag. In addition Dr. Fincher omitted the findings of support that Dr. Kalma prescribed Clotrimazole-Betamet CR *See* **(Ext. 2.)** for the irritation of my feet condition w/ an ORDER for a medical 'SPLINT' & 'SHOES'; yet Jeanie Burk, HSA denied I, Davis thereof medical shoes cause I, Davis was not a diabetic thereby showing a genuine issue of material facts still exist in the matter at bar.

Dr. Joe assessment and determination was made by clear and convincing evidence, e.g., prior outside medical record et. seq, of pain, swelling inter alia, insofar as I, Davis feet condition occurred before entering into the KDOC became more irreparable when I, Davis wore State issuing 'cheap boots' and this is true because I, Davis never had any more issues w/ a feet condition since Dr. Joe approved medical shoes dated, 2/16/2022. (Check the Centurion Regional for that).

## CONCLUSION

I, Davis has/is been discriminated on and have been excluded from the benefits of making use of the purchased black cardboard Satchel Briefcase bought @ $50.00 dollars through and by KDOC FUND RAISING <u>program</u> to enable me in every effort of litigation thereof the prison Law Library sponsored through and by <u>activity</u> dep't thereof KDOC as a state or public entity; and the same could be said by the denial of said medical shoes to enable me in every effort of an everyday life.

## RELIEF

I, Davis would respectfully request that I, be permit to continue to carry a State canteen bag in the alternative the purchased black cardboard Satchel Briefcase @ $50.00 dollars, and approved such medical shoes, and any other medical benefits [3] deem by this agency.

Sincerely,

Kevin T. Davis, # 0083253
Griever
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com
Date: 3/15/24 @ 9a.

---

[3] I, Davis had not been seen for chronic care since, 2020, and this is why there was no updates as it pertained to my medical benefits, and if you check the Centurion Regional records you would see that somehow I have been taken off chronic care w/out any medical reasons.

ER - IN RE: MEDICAL GRIEVANCE (5 of 6)    Ext. 1

# Gaming Console

LCF will be offering the resident population the ability to purchase a handheld gaming console.



**300 Retro Style Games Built-in + 8 Data East Classics Including:**

**B-Wings**
**Bad Dudes**
**BreakThru**
**Burger Time**
**Caveman Ninja**
**Karate Champ**
**Heavy Barrel**
**Side Pocket**

- Clear Construction
- 2.7" LCD Screen
- 16-Bit Game Processor
- Compact Size: 5.5" x 2.8" x 0.9"

- Detachable 30" A/V Cable Included
- Connects to Any TV With A/V Inputs
- Requires 4 "AAA" Batteries (Not Inlcuded)
- Shipping Weight: 8.5 oz.

**WHEN:** February 5-7, 2024(All Units)

**COST:**     $40.00

      ***This will not count against your $40.00 monthly spending limit.

**DEADLINE:**     Close of business Friday, January 13, 2024

- Each resident will be allowed to purchase one gaming console. The price will be $40.00.
- Each console uses 4 AAA batteries, not included.
- Resident must be in general population upon time of ordering.
- These will be ordered through the FUND-RAISER process. (an example is shown below) must be submitted via paper, not electronic.
- All proceeds will go into the Inmate Benefit Fund FOR FUTURE DONATION.
- All orders will need to be turned in to unit team by Due date.
- Funds will be deducted from your account within a week.
- **All sales will be final. No refunds will be given except for transfers.**
- **Items are not transferable to other facilities.**
- **All game consoles will be engraved and added to your property list.**
- **Batteries can be purchased thru the canteen.**

ER - IN RE: MEDICAL GRIEVANCE (6 of 6)

DAV'; KEVIN
CLOTRIMAZOLE - BETAMET CR
R3753
TAC+          1462
'_: Jr  12/29/20?3

QTY: 45
RX#: 16817549
Earliest Refill: 12/23/2023

CIVIL CASE NO.:

24-3143-JWL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN TAMAR DAVIS,**
*Plaintiff,*

v.

*Jesse Howes, Chief Warden; James Skidmore, DWO;
Dr. Fred Cannon, Regional Dental Dir., and; Jeanie Burk, RN, BSN, HSA
Defendant(s).*

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF COMPLAINT UNDER CIVIL RIGHTS ACT U.S.C. § 1983
RELIEF BY A PERSON IN STATE CUSTODY**

**APPEAL FROM KDOC INMATE EMERGENCY GRIEANCE;
APPEAL FROM AMERICAN WITH DISABILITIES ACT;
APPEAL FROM OFFICE OF HEALTHCARE COMPLIANCE**

**[Emergency motion for injunctive relief for 1983; Director of
Health Care Services and the Regional Medical Director]**

**Kevin T. Davis, #0083253**
*Sui Juris* **Plaintiff**
**LCFC B2-208**
**P.O. Box 2**
**Lansing, Ks 66043**
**PH: (785) 940-1398**
daviskevin948@yahoo.com

**Oral Argument Request**

i

## TABLE OF CONTENTS

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF GROUNDS
PRESENTED UNDER PLAINTIFF'S COMPLAINT CIVIL RIGHTS ACT
42 U.S.C. § 1983 RELIEF BY A PERSON IN STATE CUSTODY**      **1-11**

**CIVIL COMPLAINT NATURE OF THE CASE**      **1**

**FIRST CAUSE OF ACTION FOR RELIEF**      **2**

**CIVIL COMPLAINT SUMMARY OF THE ARGUMENTS**      **2**

**CIVIL COMPLAINT SUMMARY OF THE FACTS**      **2**

**CIVIL COMPLAINT ARGUMENTS AND AUTHORITIES**      **2-6**

**SECOND CAUSE OF ACTION FOR RELIEF**      **6**

**CIVIL COMPLAINT SUMMARY OF THE ARGUMENTS**      **6**

**CIVIL COMPLAINT SUMMARY OF THE FACTS**      **6**

**CIVIL COMPLAINT ARGUMENTS AND AUTHORITIES**      **6-7**

**THIRD CAUSE OF ACTION FOR RELIEF**      **8**

**CIVIL COMPLAINT SUMMARY OF THE ARGUMENTS**      **8**

**CIVIL COMPLAINT SUMMARY OF THE FACTS**      **8**

**CIVIL COMPLAINT ARGUMENTS AND AUTHORITIES**      **8-9**

**CONCLUSION**      **10**

**CERTIFICATE OF SERVICE**      **11**

# TABLE OF CONTENTS
## Cases

*Derrickson v. Keve,*
    390 F. Supp. 905;
        1975 U.S. Dist. LEXIS 13464     2
*Derrickson* at 905     2
*Derrickson* at 902     2
*Id*     2, 3
*Harris v. Coweta,*
    21 F.3d 388;
        1994 U.S. App. LEXIS 12394     3
*Id* at 390     3
*Id* at 391     3
*Id* at 392     3
*Id*     3
*Id* at 393     3
*Boyd v. Knox,*
    47 F.3d 966;
        1995 U.S. App. LEXIS 2797     3
*Id* at 969     3
*Id*     3
*Id*     3
*Chance v. Armstrong,*
    143 F.3d 698;
        1998 U.S. App. LEXIS 9280     3
*Id* at 701     3, 4
*Id* at 703     4
*Id* at 704     4, 5
*Id* at 702     4, 5
*Id*     4
*Gutierrez v. Peters,*
    111 F.3d 1364 1373-74 (7th Cir. 1997)     4
*Koehl v. Dalsheim,*
    85 F.3d 86, 88 (2d Cir. 1996)     4
*Dean v. Coughlin,*
    623 F. Supp. 392, 404 (S.D.N.Y. 1985)     4, 5
*Dean* at 395     5
*Id*     5
*Id* at 397-99     5
*Barnes v. Virgin Islands,*
    415 F. Supp. 1218 (D.V.I. 1976)     5
*Barnes, Dean* at 404     5
*Id* at 405     5
*Manney v. Monroe,*
    151 F. Supp. 2d 976;
        2001 U.S. Dist. LEXIS 11092     5
*Manney* at 982     5
*Id*     5

iii

*Id* at 983     5
*Id*     5
*Id* at 984     5
*Id* at 985     5
*Id* at 990     5
*Id*     5
*Caver v. Knox County,*
    753 F. Supp. 1370;
       1989 U.S. Dist. LEXIS 17263     6
*Id* at 1391     6
*Fate v. Goord,*
    11 Civ. 7493 at 18 (2012);
       citing *Hathaway*, 841 F. 2d at 50-51     6
*Johnson v. Clinton,*
    763 F. 2d 326;
       1985 U.S. App. LEXIS 20667     6
*Manney v. Monroe* at *supra.* note 8 at 989     6
*Johnson* at 328     7
*Id*     7
*Lopez v. Smith,*
    203 F. 3d 1122;
       2000 U.S. App. LEXIS 1740     7
*Id* at 1133     7
*Id* at 1131     7
*Id*     7
*Id*     7
*Id* at 1132     7
*Manney v. Monroe, supra* at 992     8
*State. ex rel. Griffith v. Anthony Whole Sale Grocery Co.,*
    118 Kan. 394 at 406-410,
       234 P. 992;
          1925 Kan. LEXIS     8
*Id* at 406     9
*Id* at 407     9
*Armour Packing Co. v. U. S.,* 209 U.S. 56, 52 L. Ed. 681, 28 S. Ct. 428;
    *Standard Sanitary Mfg. Co. v. U. S.,* 226 U.S. 20, 57 L. Ed. 107, 33 S. Ct. 9;
       *Thomsen v. Cayser*, 243 U.S. 66, 61 L. Ed. 597, 37 S. Ct. 353     9
*Id*     9
*Id*     9
*Id* at 408     9
*The State v. Smiley, supra*;
    *The State v. Aikins*, 83 Kan. 792, 112 P. 605     9
*Id* at 410     9

### Constitutional Provision, Federal Statue and Statute, &c.

Act 42 U.S.C. § 1983 ............................................ 1, 2, 6, 8

IMPP 16-102D IIL ............................................ 2

Title II executive Order 92-154 ............................................ 6, 7, 9

Anti-Trust Law of 1897 ............................................ 8, 9

18 USCS § 1961 (§ 1961, Definitions) ............................................ 9

EIGHT AMENDMENT OF THE UNITED STATE CONSTITUTION ............ 6, 7

FOURTH AMENDMENT OF THE UNITED STATE CONSTITUTION ............ 8