IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN TAMAR DAVIS,

    **Plaintiff,**

    v.                                    CASE NO. 24-3143-JWL

JESSE HOWES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Kevin Tamar Davis, who is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"), brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On September 27, 2024, the Court entered a Memorandum and Order (Doc. 14) ("M&O") finding that the proper processing of Plaintiff's claims in Counts I and II could not be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered KDOC officials to prepare and file a *Martinez* Report for the claims in Counts I and II. The Court also ordered Plaintiff to show good cause why Plaintiff's claims in Count III should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's Response and Motion for Leave to Amend Complaint (Doc. 16). The underlying facts and the Court's screening standards are set forth in detail in the Court's M&O.

As Count III, Plaintiff alleges that the seizure of his satchel—that he purchased at a fundraiser—by Defendants Howes and Skidmore constituted petit larceny and profiteering under the "Anti Trust Law of 1897." The Court found in the M&O that Plaintiff does not have a private cause of action to enforce criminal laws. *See Droge v. Rempel*, 180 P.3d 1094, 1097

1

(Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted). The Court also found that Plaintiff provided no facts whatsoever to suggest that Defendants violated antitrust laws.

The Court also noted that any claim regarding his use of the satchel may be moot. Plaintiff attaches a grievance response dated March 14, 2024, that suggests an exception was made to allow him to carry "a store bag" when going to the library. *See* Doc. 1–1, at 56–57; Doc. 2, at 8 (noting Plaintiff was allowed to carry "his store canteen bag when traveling to the library"); Doc. 2, at 13 (stating that Plaintiff is allowed to carry "a store bag" when going to the library).[1]

The Court held in the M&O that even if Plaintiff's claims regarding his bag are not moot, any claim regarding the loss of his property would be subject to dismissal. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by

---

[1] The Court noted in the M&O that at times Plaintiff appears to distinguish the canteen bag and the satchel, and at other times uses the terms interchangeably. *See, e.g.,* Doc. 1, at 7 (stating that he "was permitted without any molestation to make use of the state issuing canteen bag, &c., i.e., 'Satchel'").

state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). The Court found that Plaintiff failed to allege that an adequate post-deprivation remedy was unavailable.

The Court ordered Plaintiff to show good cause why his claims in Count III should not be dismissed for failure to state a claim. Because Count III is the only claim asserted against Defendant Skidmore, Plaintiff was also ordered to show good cause why Defendant Skidmore should not be dismissed from this action.

In his response, Plaintiff argues that although his claims in Count III involve criminal statutes, he would like to reassert the claims as civil claims based on constitutional violations. (Doc. 16, at 1.) Plaintiff then seeks leave to amend his Complaint to assert the claims in Count III as constitutional violations. *Id*. Plaintiff alleges that his claims regarding petit larceny and anti-trust violations were only for "muckrake" purposes, and not to state a claim as a private cause of action to enforce criminal laws. *Id*. at 2.

Plaintiff seeks to amend Count III to allege a search and seizure claim under the Fourth Amendment and a claim under the First Amendment for violation of his right to court access. *Id*. Then Plaintiff states a deprivation of property claim is a red herring because he is not stating that Skidmore seized the satchel, but rather "it was more like seizure of Davis's privileged rights, rightful possessor to use w/out any reasonably related to legitimate governmental interests." *Id*. at 3. Plaintiff then suggests that there was an unreasonable seizure of his privileges under the ADA. *Id*. at 4.

The Court finds that any request to amend Count III to assert violations under the Fourth and First Amendments would be futile. Plaintiff alleges that his rights and privileges have been seized in violation of the Fourth Amendment. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .." U.S. Const. Amend. IV. Plaintiff has pointed to no authority for the proposition that the Fourth Amendment applies to a seizure of rights or privileges.

Plaintiff has also failed to state a claim based upon court access. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when

prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The Court denies Plaintiff's motion to amend as futile and finds that Plaintiff has failed to show good cause why his claims in Count III should not be dismissed for the reasons set forth in the Court's M&O and in this Memorandum and Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in Count III are **dismissed** for failure to state a claim. Defendant James Skidmore is dismissed from this action.

**IT IS SO ORDERED**.

**Dated October 23, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**