Kevin T. Davis, #0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN TAMAR DAVIS,
          Plaintiff,

v.                                                      PLAINTIFF'S-MOTION TO OBJECT TO KDOC'S REPORT IN "MARTINEZ VS. AARON" INVESTIGATION CIVIL RIGHTS COMPLAINT IN THE CASE AT BAR ON 1983'

                                                           Civil Action No.: 5:24-cv-03143-JWL

Jesse Howes, Chief Warden et al,
          Defendant(s).

NOW COMES, Plaintiff Kevin Tamar Davis, # 0083253 in response to defendant's report pursuant to "MARTINEZ" filed w/this U.S. Court November 27, 2024, and do hereby PRESENT OBJECTION TO KDOC'S REPORT IN "MARTINEZ VS. AARON" INVESTIGATION CIVIL RIGHTS COMPLAINT IN THE CASE AT BAR ON 1983'. Plaintiff would state, and; aver:

Plaintiff brought a pro se Civil Rights case under 42 U.S.C § 1983. On December 3rd, 2024, Plaintiff received a report pursuant to "MARTINEZ" through inter-facility mail. There were relevant party's Affidavits and or Declaration statements of facts omitted thereof defendants report.

**DEFENDANT'S SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT:**

    A.    Plaintiff take no formal position on this phrase and defers to the U.S. District Court.

**DEFENDANT'S INVESTIGATION:**

    B.    Plaintiff incarceration did not began **June 22, 2005**, at EDCF for (x2) two suspected offense under K.S.A. 21-5506(b)(3)(A) (c)(2)(C)(3). Plaint arrived at EDCF **July 15, 2015**, thereinafter

transferred to LCFC August 20, 2015, under a new court commitment; there had been other movements in between. Plaintiff reside at LCFC at this present day of our LORD, A.D.

**DEFENDANT'S MEDICAL CARE:**

      C.      On line (10) under the above phrase defendant's averred that Davis recent dental visit Davis "**did not** mention any pain or fear regarding the cyst or teeth, # 9 & # 10 were made." The defendant's seem to have a case of **Mendacious Syndrome**. On November 6, 2024, Davis did in fact mention pain or fear, &c., (Davis really does **not need to continue** to mentioning any pain or fear regarding the cyst or teeth, # 9 & # 10). On the above visit Dr. Overman while cleaning Davis' teeth observed the swollen infection lump therein Davis' superior maxillary, maxilla, or upper jawbone that continue to cause chronic pain. Dr. Overman prescribed Davis **penicillin 500m**. **(See Plaintiff Ext. 1 attached hereof)**. Further Davis went to a schedule medical appointment due to the infection has now began to move closer to his sinus which can cause **death.**

Therein the same above month and year, A.D., Dr. Robinson prescribed Davis w/**Montelukast Sodium 10mg** generic to Singulair. [1] **(See Plaintiff Ext. 2 attached hereof).** When Mrs. Burk was fired from her position has HSA w/Centurion, Mrs. Angela Sutton became the new HSA, due to a higher promotion w/Centurion Mrs. Sutton left, but before she left Mrs. Sutton **approved** Davis' medical shoes. **(See Plaintiff Ext. 3 attached hereof).**

Moreover during the orthopedic hand specialist scheduling Davis was **not** given any splint [2] to have been placed upon tha hand on April 3, 2024, nor too this present day of our LORD, A.D.

---

[1] The infection has cause disturbance within the Sinus of Davis' nostrils for which now this U.S. District Court can defer clear that Davis' injury is **certain** and not theoretical; the defendant's report even mention such infection was harmful for Davis' **health** and **life**.
[2] The defendant's "MARTINEZ" report makes **no receipt** of such Medical Equipment/Appliance insomuch as Davis receiving....

**DEFENDANT'S GRIEVANCES AND LACK OF EXHAUSTION:**

      D.    Davis did in fact appropriately exhaust all remedies. Under phrase **MEDICAL CARE** we can see that Davis grievance did passed muster under KAR 44-15-106 (.... infection [] [] could be harmful for [Davis] health and life), further, Darcie Holthaus Exhibit 4 letter dated December 1, 2023, showed that she forward Davis' grievance et seq., back to Warden Howes to be processed as a regular grievance, and as of this 12th month, 2024, Davis has never even received any response from Howes. So that leaves Howes in elimination of Davis regular exhaustion thereby forcing Davis to move forward under KAR 44-15-102(a)(G)(c)(4)(5).

      On December 15, 2023, Davis sent Mrs. Holthaus a default notice and on December 29, 2023, Davis moved for default cause Mrs. Holthaus never even responded back pursuant to KAR 44-15-102(G)(c)(1)(2)(3).

**DEFENDANT'S CONCLUSION:**

      E.    Davis did in fact follow sound medical advice from Dr. S. Card whom at all-time placed a referral for Davis to be treated by an **endodontic**, yet Dr. Cannon denied Dr. Card's referral, and on October 26, 2023 dental Aid Mrs. Racheal averred to Davis that Dr. Cannon "denied Dr. Card's referral due to non-outsider dental endodontic inter alios., contractors w/the KDOC to perform the apico."

      In addition Davis was examined for reissuance of Medical Equipment/Appliance by Dr. Kalmar, and; thereinafter Mrs. Sutton, HSA approved Davis Medical Equipment/Appliance, i.e., medical shoes. The orthopedic hand specialist approved the splint for which Centurion Health has failed to provide.... Davis had/has rebuttal toward the grievance policy, and would defer to this U.S. District Court.

**AFFIDAVIT OF FRED CANNON, D.D.S.:**

      F.    On Sense number, # 7, Dr. Cannon failed to give a dated of the previous outside apicoectomy; this was done **May 6, 2008**, and it took 14-16 years for parts of the filling to dissolve leaving a pin hole within Davis' upper tooth that's in question on 1983'.

On Sense number, # 10, Dr. Cannon averred Davis was informed endodontic "could not be completed, &c.," for Davis knew that Dr. Cannon et al., would try to make the matter all about the condition of Davis teeth, so this is why Davis forward through and by **PDF** Plaintiff Exhibit 11, on August 27, 2024, which include **live in color** picture(s) of Davis' mouth, &c., to this U.S. District Court (again there's nothing wrong w/Davis teeth in question on 1983').

On Sense number, # 11, Davis **thank** Dr. Cannon for acknowledging this development could harm Davis' **health or worse life cf. death**, if not tended to; for which Davis had been trying to explain to KDOC et al., all the time.

On Sense number, # 13, Dr. Cannon is in violation of giving credibility to another witness (**Dr. Card**) whom at all-time was/is ill-will to provide statement of fact by Affidavit its' self.

On Sense number, # 25, Dr. Cannon can **go play**, a reasonable degree of dental certainty applies more too him to get denture than Davis. Davis is not a "FOOL' if Davis' #9 & #10 was loosen at a point of falling out and or rotten Davis would not have refused dentures!!!

Dr. Cannon in cahoots w/Centurion and KDOC envy its' prisoners like Davis and try to force its' **less** invasive procedures and when Davis inter alios, want play the **"HALF-WITTED"** [3] the defendant's like in the case at bar on 1983' try and manipulate its' way out of a Eight Amendment violation by averring "a difference of opinion regarding medical treatment does not amount." [4]

**AFFIDAVIT OF JEANNIE BURK:**

    G.    On Sense number, # 10 Mrs. Burk shows that she is very envious, bias et cetera. Mrs. Burk never took Dr. Kalmar evaluation under consideration and Mrs. Burk placed the blame on the

---

[3] Let say Davis under distress, duress & coercion allow #9 & #10 tooth to be extracted, it still does not negate the fact that the surgeon still would have to perform the apico, e.g., Davis entire outer bone wall is lost thus this requires an onlay block type bone graft taken from Davis' chin or side jaw to correct. Numbers 9 & 10 tooth just requires normal filling. The issue is the maxilla face bone wall that continues to vanish. <THIS IS VERY BADD....>

[4] Difference of opinion is **not the issue** due to the fact Dr. Cannon, Mrs. Holthaus, and Howes are not the individual that would be administering any surgery; further all funds for prisoners medical and or Dental needs like Davis' are paid through and by the **ACA** whom is not a party to this civil litigation.

Centurion committee for the denial of Davis Medical Equipment/Appliance, yet this same committee approved Mrs. A. Sutton the new HSA recommendation as to Davis' Medical Equipment/Appliance, LOL....

On Sense number, # 11, Mrs. Burk did not just leave Centurion at her own free-will. Mrs. Burk was fired for what she do best, i.e., clouding prisoners like Davis medical issue w/insignificant details.

**DECLARATION OF WARDEN JESSE HOWES:**

H.   On Sense number, # 13, Warden Howes seem to make allegation of being unfamiliarity toward the dental matter in question on 1983', yet we can see from the "MARTINEZ" report that this active infection that requires an onlay block type bone graft taken from Davis' chin or side jaw bone is harmful for Davis' health and **life**, which Davis made mention to Howes within his grievance et seq., yet when one is a prisoner like Davis; dental/medical, &c., procedures associated w/the treatment is always ignored.

Davis gave Howes enough evidence indicating that the thing to be proved was highly probable or reasonable certain thus eliminating Howes even having to possess any medical license. [5]

On Sense number, # 15, Warden Howes showed that he really has no real interest in Davis dental transaction, and or maybe Howes suffer from ADHD for which it seem, so it is left up to Davis to assist Howes therein his recollection to this U.S. Tribunal. **See Plaintiff's Complaint Excerpt-Warden's letter** to Davis dated February 5, 2024.

**DECLARATION OF DARCIE HOLTHAUS:**

I.   On Sense number, # 6, Mrs. Holthaus seem to try mightily hard to cause a **"RED HERRING'** Black's Law, New Pocket Ed. pg. 529 (1996), e.g., the dental treatment at the time in, 2021,

---

[5] With Correctional License Warden Howes still lack in education, ability, sound judgment, or common sense. This might sound a little dogmata <OH WELL>.

was a tooth in front of Davis wisdom tooth that had multiple filling & treatment for periodontitis and Davis requested a **golden medical cap** instead of having the tooth pulled thereby leaving a huge ugly gap within Davis' mouth; this was impossible due to policy did not allow such.

Davis **allowed** for the tooth to be pulled alone w/the wisdom tooth behind it not to have an ugly gap, &c., w/out argument or filing of a 1983'. The pain was so bad it cause Davis' entire mouth to hurt, this is why Davis complained of pain in Davis upper front (entire mouth); Mrs. Holthaus Exhibit 1 is therefore moot.

For tooth #9 & #10 in question are independent in the case at bar on 1983.

Davis would reallege and incorporate by reference his objection argument under DEFENDANT'S GRIEVANCES AND LACK OF EXHAUSTION § (D) pg. 5 of 8 of defendant's report pursuant to "MARTINEZ" as it pertain to Sense number, # 10-11 under DECLARATION OF DARCIE HOLTHAUS.

On Sense number, # 12, Darcie Holthaus is in violation of giving credibility to another witness (Marcelle Chmidling, EEO/ADA Manager) whom at all-time was/is ill-will to provide statement of fact et seq., by Declaration its' self. Therefore DARCIE HOLTHAUS Exhibit 5 is moot.

**WHEREFORE** Plaintiff would respectfully request that his objection toward defendant's report pursuant to "MARTINEZ" be taken under consideration without delay w/a defer to *Crump v. Unified Gov't of Johnson Cnty.*, 2024 U.S. Dist. LEXIS 205169 at 12 (2024).

Respectfully submitted,

Kevin T. Davis, # 0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that service of the above and foregoing PLAINTIFF'S- MOTION TO OBJECT was E-filed on this 9th day of December, 2024, to:

Clerk, U.S. District Court for the District of Kansas
444 S.E. Quincy, Rm 490
Topeka, Ks 66683
PH: 785.338.5400
E-mail: ksd_clerks_topeka@ksd.uscourts.gov

Copies was also served of the above and foregoing PLAINTIFF'S- MOTION TO OBJECT was mailed U.S. Postal pre-paid on this 9th day of December, 2024, to:

Victoria L. Toothaker | Att'y
KDOC
714 SW Jackson, Ste. 300
Topeka, Ks 66603
PH: 785.670.0019
Email: Victoria.Toothaker@ks.gov

Deana Johnson, General Counsel | Centurion LLC
21251 Ridge Top Cir. Ste. 150
Sterling, VA 20166-6645
PH: 703.749.4600
Email: DJohnson@TeamCenturion.com

CC: Jesse Howes, Chief Warden; Dr. Fred Cannon, Regional Dental Dir., and; Jeanie Burk, RN, BSN, HSA

Kevin T. Davis, #0083253
Plaintiff, *Sui Juris*
LCFC B2-208
P.O. Box 2
Lansing, Ks 66043
daviskevin948@yahoo.com