IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN TAMAR DAVIS,

    **Plaintiff,**

    v.                                            CASE NO. 24-3143-JWL

JESSE HOWES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On June 4, 2025, the Court entered a Memorandum and Order dismissing this case for failure to state a claim. (Docs, 35, 36.) On June 13, 2025, the Court entered a Memorandum and Order denying Plaintiff's Motion to Alter or Amend Judgment. (Doc. 44.) This matter is currently pending on appeal.

Plaintiff has filed a "Motion for Leave to Respond w/Object Toward the U.S. District Court's Memorandum and Order" (Doc. 49). Plaintiff's motion seeks to respond to the Court's Memorandum and Order denying his motion to alter or amend judgment. *Id*. at 1. Plaintiff alleges that he filed his Notice of Appeal prematurely before this Court could rule on his motion to alter or amend judgment. *Id*. The remainder of his motion appears to be arguments in support of either his prior motion or a new motion to alter or amend judgment.

The Tenth Circuit abated the appeal in this case pending this Court's ruling on Plaintiff's motion to alter or amend judgment. *See* Doc. 43. After this Court denied the motion, the Tenth Circuit lifted the abatement. (Doc. 47.) Nothing in Plaintiff's current motion warrants relief from this Court's denial of his motion to alter or amend judgment.

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Plaintiff mentions that the Court referred to him having a prior root canal procedure, when he actually had "a root end (apico) procedure prior." (Doc. 49, at 3.) Plaintiff also clarifies that he is not seeking a root canal procedure now, but rather "an onlay block type bond graft," whereby bone could be taken from his chin, the side of his jaw, or "from cadaver bone." *Id*. at 4. This distinction does not change the Court's ruling. The point was that based on his prior failed procedure and the current status of his teeth, both dentists recommended extraction. A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

"[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson*, 921 F.3d at 929 (citation omitted). "This interest in finality becomes even stronger when a district court has previously denied relief under Rule 59(e)." *Id*.

2

(citing *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) ("[T]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purpose of tolling the time for bringing an appeal.")).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Respond w/Object Toward the U.S. District Court's Memorandum and Order (Doc. 49) is **granted** to the extent that the Court has considered his arguments set forth in the motion/response, and is **denied** to the extent that he seeks relief from the Court's Memorandum and Order denying his motion to alter or amend judgment.

**IT IS SO ORDERED**.

**Dated June 25, 2025, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**